EL GOBERNADOR DE PUERTO RICO, HON. RAFAEL HERNÁNDEZ COLÓN, demandante y peticionario, *v.* ALCALDE DE JUNCOS, DON CÉSAR TORRES TORRES, demandado y recurrido.

*Número:* CE-88-70       *Resuelto:* 2 de junio de 1988

*Rafael Ortiz Carrión, Procurador General,* y *Lorenzo Vilanova Alonso, Procurador General Auxiliar,* abogados del peticionario; *Nicolás Nogueras, Hijo,* de *Nogueras & Maldonado Colón,* y *Edelmiro Salas García,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

## I

El 1ro de abril de 1986 el Gobernador del Estado Libre Asociado de Puerto Rico, Hon. Rafael Hernández Colón, presentó una querella ante la Comisión para Ventilar Querellas Municipales (en adelante Comisión), en la cual le imputaba al Alcalde del Municipio de Juncos, Sr. César Torres Torres, nueve (9) cargos por alegadas actuaciones ilegales que implicaban abandono, negligencia inexcusable y conducta lesiva a los mejores intereses públicos en el desempeño de sus funciones. El mismo día, el Gobernador le envió una carta al señor Torres Torres suspendiéndolo de empleo y sueldo efectivo al día siguiente.[1] El 16 de mayo de 1986, luego de haber solicitado la prórroga correspondiente, el Alcalde contestó la querella y negó los cargos. Luego de múltiples trámites procesales en la Comisión —además de presentar un recurso en la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico—[2] se celebraron las vistas

---

[1] Sobre los distintos sistemas y procesos de destitución de alcaldes en Europa, Estados Unidos y Latinoamérica véanse: A.F. MacDonald, *Gobierno y Administración Municipal,* Méjico, Fondo de Cultura Económica, 1959; F. Albi, *Derecho municipal comparado del mundo hispánico,* Madrid, Ed. Aguilar, 1955; 4 *McQuillin, The Law of Municipal Corporations* Sec. 12.256a y ss. (3ra ed. 1985).

[2] El 3 de septiembre de 1986, mientras estaba pendiente el trámite ante la Comisión para Ventilar Querellas Municipales (en adelante Comisión), el Sr. César Torres Torres presentó una demanda de *injunction* y sentencia declaratoria ante la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico. Luego de celebrar una vista para el *injunction* preliminar, y de que las partes sometieran memorandos de derecho, la Corte de Distrito federal desestimó la

durante dieciocho (18) días, y el 26 de junio de 1981 la Comisión destituyó al señor Torres Torres de su cargo. Ese mismo día la Secretaria de la Comisión certificó haber enviado copia de la resolución de la Comisión a sus abogados. Posteriormente, el 1ro de julio de 1987 la Comisión envió por correo ordinario al señor Torres Torres copia de la resolución que lo destituía.

El 3 de agosto de 1987 el señor Torres Torres presentó un recurso de revisión ante el Tribunal Superior, Sala de Caguas, para cuestionar dicha resolución. Presentó el recurso *33 días después* de habérsele enviado por correo la notificación de la resolución de la Comisión.

El 12 de agosto de 1987 el Gobernador solicitó del tribunal la desestimación del recurso por falta de jurisdicción.

Previo varios trámites procesales, el 22 de enero de 1988 dicho foro dictaminó que tenía jurisdicción, revocó la resolución de la Comisión, ordenó de inmediato la restitución a su empleo al señor Torres Torres y autorizó la reanudación de sus funciones como Alcalde de Juncos con emolumentos.

Oportunamente, el Procurador General recurrió ante nos para cuestionar ese dictamen. El 8 de febrero de 1988 expedimos el recurso y concedimos a las partes un término simultáneo de treinta (30) días para someter sus alegatos. En auxilio de nuestra jurisdicción paralizamos los procedimientos del foro de instancia y dejamos sin efecto su resolución y orden. El 25 de febrero de 1988, en atención a una moción para solicitar resolución aclaratoria y de reconsideración presentada por el señor Torres Torres, reafirmamos nuestros pronunciamientos iniciales.

Ambas partes han sometido sus alegatos. Resolvemos.

El Procurador General argumentó cuatro (4) errores, incluso la ausencia de jurisdicción del foro de instancia. Por el

---

demanda mediante sentencia de 6 de marzo de 1987. *Torres Torres v. Hernández Colón*, 656 F. Supp. 372 (D.C.P.R. 1987).

resultado a que llegamos, nos limitamos a discutir el planteamiento jurisdiccional.(3)

---

(3) Los expone del modo siguiente:

(1) "Erró el Tribunal Superior, Sala de Caguas, al resolver que al término jurisdiccional de treinta días provisto en el Artículo 5.05 de la Ley Núm. 146 del 18 de junio de 1980, para solicitar revisión de una determinación de la Comisión Estatal para Ventilar Querellas Municipales, le aplica lo dispuesto en la Regla 68.3 de las de Procedimiento Civil[, 32 L.P.R.A. Ap. III]."

(2) "A[u]n cuando contrario a nuestro criterio el Tribunal Superior tuviera jurisdicción para atender la solicitud de revisión presentada por el recurrente-recurrido en el presente caso erró el Honorable Tribunal Superior al dictar a iniciativa propia una orden provisional pendiente el resultado final del presente caso, ordenando la reinstalación del recurrente-recurrido a su puesto como Alcalde de Juncos, contrario a lo expresamente provisto en la Regla 56.1 de las de Procedimiento Civil de 1979[, 32 L.P.R.A. Ap. III,] que dispone que dichas órdenes sólo serán dictadas 'por moción del reclamante', contrario a la Ley Número 12 de 8 de agosto de 1974 y en menoscabo del balance de poderes entre las ramas de gobierno."

(3) "Erró el [t]ribunal de instancia al resolver que la suspensión sumaria autorizada por el Artículo 3.05 de la Ley Municipal violó el derecho del recurrente-recurrido al debido proceso de ley, y al ordenar en consecuencia su restitución."

(4) "Erró el Honorable Tribunal de Instancia al utilizar como uno de los fundamentos para reinstalar provisionalmente al recurrente-recurrido el que la determinación de la Comisión para Ventilar Querellas Municipales no tiene eficacia inmediata, contrario al texto, propósitos y mejor sentido de la Ley Orgánica de los Municipios." Petición de *certiorari*, págs. 10–11.

Por su parte, el recurrido planteó ante el Tribunal Superior, Sala de Caguas, lo siguiente:

"A[.] Erró la Comisión al no inhibirse a pesar del conflicto de intereses que prevalecía en sus dos miembros actuantes."

"B[.] Erró la Comisión actuando con pasión, prejuicio y parcialidad, aplicando normas *impropias sobre credibilidad, peso de la prueba y suficiencia de la prueba."

"C. Erró la Comisión al brindar credibilidad a los testimonios de los señores Rafael Corsino y José Miguel Rodríguez, ambos testigos declarando [*sic*] con inmunidad y que se contradijeron entre sí en partes esenciales de sus declaraciones."

"D. Erró la Comisión al imputar responsabilidad al querellado recurrente por actuaciones ilegales y negligentes de otros funcionarios y que eran desconocidas para el querellado."

"E. Erró la Comisión al responsabilizar al querellado por la actuación errónea de un Tribunal." Anejo A–XX, págs. 120–121.

Ante nos el recurrido plantea adicionalmente, y por primera vez en el trámite de revisión judicial, que la suspensión sumaria efectuada conforme al Art. 3.05 de la Ley Orgánica de los Municipios de Puerto Rico, 21 L.P.R.A. sec. 3005,

La tesis del Procurador General es que el señor Torres Torres tenía treinta (30) días para recurrir al Tribunal Superior, contados éstos a partir de la fecha en que le fue notificada por correo la determinación final de la Comisión. Aduce que haberlo hecho a los treinta y tres (33) días privó de jurisdicción al foro de instancia. Por su parte, el señor Torres Torres sostiene que toda vez que la resolución de la Comisión fue notificada por correo es necesario adicionar el período de tres (3) días que dispone la Regla 68.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y por ende, su recurso de revisión fue instado a tiempo.

## II

■ La cuestión requiere resolver si el término de treinta (30) días provisto por el Art. 5.05 de la Ley Núm. 146 de 18 de junio de 1980, según enmendada, 21 L.P.R.A. sec. 3105, es de carácter jurisdiccional. Resolvemos que lo es.

■ El Art. 5.05 de la Ley Núm. 146, *supra*, dispone el procedimiento a seguirse para revisar ante los tribunales una decisión de la Comisión. Lee:

En cualquiera de los casos cubiertos por las secs. 3103 y 3104 de este título la parte o partes perjudicadas por la decisión podrán:

(a) Solicitar, dentro del término de quince (15) días siguientes al acuse de recibo de la notificación, la reconsideración de la misma. En el escrito de reconsideración se hará constar específicamente los fundamentos en los cuales se basa la petición. La Comisión deberá tomar acción y resolver con relación a la petición dentro de los cinco (5) días siguientes al recibo del escrito.

---

violó su derecho constitucional a un debido proceso de ley, en contravención a lo resuelto en *Vélez Ramírez v. Romero Barceló*, 112 D.P.R. 716 (1982), y a lo resuelto por el Tribunal Supremo de Estados Unidos en *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

(b) Recurrir en procedimiento de revisión al Tribunal Superior de Puerto Rico *dentro del término de treinta (30) días a partir de la fecha de notificación de la decisión de la Comisión.*

El recurso de revisión *se radicará* y *presentará de conformidad con las reglas del Tribunal Supremo.* Las conclusiones de la Comisión con relación a los hechos serán finales. (Énfasis suplido.) 21 L.P.R.A. sec. 3105.

■ El anterior estatuto municipal, Ley Núm. 142 de 21 de julio de 1960 (21 L.P.R.A. ant. sec. 1101 *et seq.*), no proveía un mecanismo de reconsideración. La revisión judicial se llevaba a cabo directamente ante este Tribunal mediante recurso instado dentro del término de diez (10) días después de notificada la resolución de la Comisión. M. Rodríguez Ramos, *Ley Municipal: Legislación y Jurisprudencia,* San Juan, Biblioteca de Autores Puertorriqueños, 1940. Subsiguientemente, la Ley Núm. 146, *supra,* proveyó el mecanismo de reconsideración dentro de un término de cinco (5) días.

■ La actual ley amplió los términos para solicitar reconsideración y recurrir en revisión, y a la vez *dispuso que esta última sería ante el Tribunal Superior en vez de ante este Foro.* Mantuvo sin embargo intacta la forma en que transcurren dichos términos. Art. 5.05 de la Ley Orgánica de los Municipios de Puerto Rico, *supra.*

■ Un examen del historial legislativo de la Ley Núm. 146, *supra,* refleja que uno de los propósitos de la Asamblea Legislativa al aprobar la misma fue *agilizar* los procedimientos ante la Comisión, dado el apremiante interés público de que se diluciden prontamente controversias sobre si un alcalde ha incurrido o no en conducta impropia o ilegal.[4] Tal

---

[4] Así se desprende del informe conjunto sometido ante el Senado por las Comisiones de Gobierno y de lo Jurídico con relación al P. de la C. 1011. En lo pertinente señala:

justificación no necesita mucha elaboración. El lenguaje y los términos del Art. 5.05 de la Ley Núm. 146, *supra*, son específicos y precisos. La ley dispone que el término de treinta (30) días es de carácter jurisdiccional.

■ El recurso de revisión que se presente ante el Tribunal Superior requiere que éste cumpla con las reglas de este Tribunal. El mandato es claro.

Este tipo de disposición es excepcional en el esquema legislativo que rige la revisión de determinaciones de organismos administrativos. Como consecuencia, el recurso de revisión contra la Comisión es análogo a los recursos que se presentan ante este Foro apelativo. *In re Reglamento del Tribunal Supremo*, 116 D.P.R. 670 (1985).

■ El señor Torres Torres no solicitó reconsideración ante la Comisión, por lo que venía obligado a presentar dentro de los treinta (30) días el recurso de revisión. *Sucn. García v. Junta Planificación*, 70 D.P.R. 726 (1949); *Mari v. Junta de Planificación*, 66 D.P.R. 371 (1946); *Rodríguez v. Comisión Industrial*, 61 D.P.R. 222 (1942); *Martínez v. Junta de Planificación*, 109 D.P.R. 839 (1980); *Ortiz v. Srio. de Hacienda*, 118 D.P.R. 571 (1987). Es importante tener presente que le "toca a los tribunales el deber de ser guardianes de su propia jurisdicción". *López Rivera v. Autoridad de Fuentes Fluviales*, 89 D.P.R. 414, 419 (1963); *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979).

---

"Las disposiciones relativas a la Comisión para ventilar querellas municipales fueron revisadas para *agilizar* su funcionamiento y los procedimientos que se insten ante ella. Para lograr esos propósitos se han fijado términos para contestación, vista y resolución de las querellas que se radiquen contra Alcaldes o Asambleístas ante la cita [*sic*] Comisión." (Énfasis suplido.)

Igual lenguaje contiene el informe conjunto presentado a la Cámara de Representantes por las Comisiones de Gobierno y de lo Jurídico sobre el mismo proyecto de ley.

■ La necesidad de que en los casos en que se imputa conducta impropia o ilegal a un alcalde se ventile con la debida rapidez y se cumpla estrictamente con los términos jurisdiccionales de revisión judicial establecidos por la ley, es algo más que un mero tecnicismo de índole legal y procesal. Ello responde, además, a imperativos de política pública sobre la mejor administración pública que debe imperar en los municipios, sobre la necesidad de *certeza, estabilidad* y *continuidad* en el descargo de las funciones del alcalde, y la prestación ininterrumpida de servicios municipales. 2(A) *Antieau, Municipal Corporation Law* Sec. 22.194 (1979).(5)

■ La importancia de las funciones del alcalde en la estructura y funcionamiento de una célula social, tan vital como lo es un municipio, es obvia. Un alcalde es el jefe del poder ejecutivo local, jefe administrativo de los distintos departamentos y servicios municipales, colaborador de la Asamblea Municipal en el desenvolvimiento de la función legislativa y representante legal del municipio en actos públicos y procedimientos judiciales, entre otros. Ley Núm. 146, *supra*; E. Córdova, *Curso de Gobierno Municipal*, Río Piedras, Ed. Universitaria, 1964.

---

(5) "Statutes frequently specify very short periods of time which to appeal local government dismissals, and employees are denied judicial relief when they fail to apply to the courts within the time specified by statute.

"Considerations of public policy require that an employee of a local government who claims to have been improperly or illegally removed must act with the utmost diligence in asserting his rights. The United States Supreme Court has said:

"'When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.' ·

"Employees who delay in seeking review of their dismissals have been frequently barred by the doctrine of laches." (Citas omitidas.) 2(A) *Antieau, Municipal Corporation Law* Sec. 22.194 (1979).

En síntesis, el alcalde es la figura central en la administración pública y la sociología política de la comunidad municipal. Por consiguiente, cualquier imputación de cargos debe ser dilucidada a la brevedad posible en aras de la política pública antes mencionada y de vindicar a la persona afectada.

### III

Resuelto que el término de treinta (30) días para recurrir al Tribunal Superior de la decisión de la Comisión es de naturaleza jurisdiccional, es ineludible concluir que éste no puede ser ampliado tres (3) días cuando la notificación es enviada por correo. Regla 68.3 de Procedimiento Civil, *supra*. La razón es sencilla. Cuando un término es de naturaleza jurisdiccional, dicho término no puede ser ampliado tres (3) días cuando la notificación se realiza por correo. En esas circunstancias no es aplicable la Regla 68.3 de Procedimiento Civil, *supra*. Esta norma de carácter procesal general no puede ampliar un término jurisdiccional dispuesto por una ley especial.[6]

En relación con los términos jurisdiccionales en *Tormos & D.A.C.O. v. F.R. Technology*, 116 D.P.R. 153, 158 (1985), dijimos:

> Por otro lado, ya desde un punto de vista estrictamente jurídico, constituyendo el referido término para solicitar reconsideración ante la mencionada agencia uno de carácter jurisdiccional, *G.M. Overseas Dist. Corp. v. D.A.C.O.*, 114 D.P.R. 5 (1983), es mandatorio que dicho término sea uno *cierto, único*

---

[6] "As a general rule, the service-by-mail extension provided in Rule 6(e) applies only to civil actions. Thus, the rule has been held not to extend the time permitted for obtaining review of administrative decisions when the decision has been mailed, on the theory that the statutory time elements for review are mandatory and jurisdictional." 4(A) *Wright & Miller, Federal Practice and Procedure: Civil 2d* Sec. 1171, pág. 522 (1987).

e *improrrogable* dentro del cual todas las partes envueltas vengan obligadas a radicar la requerida moción de reconsideración. Ello conlleva el rechazo de la contención adicional esgrimida por el recurrido Freddie's Racing Technology, a los efectos de que a esta situación le es aplicable las disposiciones de la Regla 68.3 de las de Procedimiento Civil a los efectos de "añadirle" el período de tres (3) días al término para radicar la moción de reconsideración establecido por el citado Art. 16 de la Ley Núm. 5 de 1973.

Véanse, además: *Lasalle v. J.A.C.L.*, 115 D.P.R. 805 (1984); *Martínez v. Junta de Planificación*, supra.

En resumen, el término de treinta (30) días que se tiene para recurrir ante el Tribunal Superior se computa a partir de la fecha en que la Comisión certifica haber enviado copia de la decisión. El inciso (b) del Art. 5.05 de la Ley Núm. 146, *supra*, es diáfano al así disponerlo. "Cuando la ley es clara[,] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu." Art. 14 del Código Civil, 31 L.P.R.A. sec. 14.

En este caso, la Comisión certificó que envió copia de la resolución a los abogados de las partes el 26 de junio de 1987. No obstante, la notificación fue realmente depositada en el correo el 1ro de julio de 1987. Este hecho no está en disputa. Así surge de los autos y lo estipularon las partes. En el presente caso, en *vista de dicha estipulación y por vía de excepción*, el término jurisdiccional comenzó a transcurrir a partir de la fecha del depósito en el correo de la notificación y no desde la fecha en que la Comisión certificó haber enviado copia de la resolución.

El señor Torres Torres no solicitó reconsideración ante la Comisión. El término jurisdiccional de treinta (30) días para recurrir al Tribunal Superior comenzó, pues, el 1ro de julio de 1987 y venció el 31 de julio de 1987. Al presentar su recurso el 3 de agosto de 1987, obviamente el foro de instancia no tenía jurisdicción para acogerlo.

Por los fundamentos expuestos, *se dictará sentencia revocatoria de la resolución y orden de 22 de enero de 1988, emitida por el Tribunal Superior, Sala de Caguas, y quedará en pleno vigor la resolución de la Comisión para Ventilar Querellas Municipales de 26 de junio de 1987.*