# 98 DTA 155

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO**

CESAR J. ALMODOVAR MARCHANY, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO, EX. REL. WANDA E. VEGA VELEZ, NORMA CORTES RODRIGUEZ
Querellantes-Apelantes

## LOURIVE ELECTRONICS, INC.
Querellada-Apelada

Núm. KLAN-97-00892

San Juan, Puerto Rico, a 11 de marzo de 1998

Panel integrado por su Presidente, Juez Negrón Soto,
y los Jueces Aponte Jiménez y Segarra Olivero

Aponte Jiménez, Juez Ponente

### TEXTO COMPLETO DE LA RESOLUCION

Conscientes de nuestro indelegable deber de ser *"los guardianes"* de nuestra jurisdicción, *Gobernador de P.R. v. Alcalde de Juncos,* 121 D.P.R. 522, 530 (1988), acordamos desestimar por falta de jurisdicción el escrito de apelación presentado por el Secretario del Trabajo y Recursos Humanos (en adelante *"el Secretario"),* en representación y para beneficio de las querellantes-apelantes, Wanda E. Vega Vélez y Norma Cortés Rodríguez (en lo sucesivo *"las querellantes").* A continuación, exponemos los eventos procesales pertinentes.

El Secretario, al amparo de la Ley Núm. 2 de 17 de octubre de 1961, (32 L.P.R.A. 3118 *et seq).,* en representación y para el beneficio de las querellantes, presentó un reclamo de salarios contra la querellada-apelada, Lourive Electronics, Inc. Casi un año después, el 30 de junio de 1997, el tribunal apelado dictó sentencia. Desestimó la querella presentada por inactividad de más de seis (6) meses en su trámite en virtud de lo dispuesto en la Regla 39.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2(b). El 7 de julio de 1997, se archivó en autos copia de la notificación de la sentencia emitida. Oportunamente, el Secretario solicitó reconsideración. El 30 de julio de 1997, el tribunal *a quo* declaró no ha lugar de plano la moción de reconsideración. Dicha resolución fue notificada el primero (1ro) de agosto de 1997. Insatisfecho con tal dictamen, el Secretario interpuso el presente recurso de apelación. Lo presentó ante este Foro el 29 de agosto de 1997, o sea, cincuenta y tres (53) días después del archivo en autos de copia de la notificación de la sentencia apelada. Al así hacerlo, nos privó de jurisdicción para atender su reclamo. La Regla 51.3(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 51.3(c), y la 13 del Reglamento del Tribunal de Circuito de Apelaciones, esta última en vigor desde el primero (1ro) de mayo de 1996, disponen que las apelaciones contra las sentencias finales dictadas por los tribunales de primera instancia se formalizarán presentando un escrito de apelación dentro del término jurisdiccional de treinta (30) días, contados a partir del archivo en autos de copia de la notificación de la sentencia.

De otro lado, la Regla 47 de ese mismo ordenamiento procesal civil establece que una moción de reconsideración no interrumpe el término para apelar cuando la misma, como aquí ocurrió, no se

acoge y se deniega de plano. *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184 (1980). A tenor de lo anterior, el Secretario y las querellantes presentaron el 29 de agosto de 1997 este recurso de apelación, o sea luego de transcurrido veintitrés (23) días de haber concluido el término jurisdiccional de treinta (30) días para apelar. La solicitud de reconsideración sometida no interrumpió dicho término, que en este caso comenzó a decursar cuando se archivó en autos el 7 de julio de 1997 copia de la notificación de la sentencia emitida, dado que el tribunal *a quo* la declaró no ha lugar de plano. Los treinta (30) días de que disponía el Secretario para presentar este recurso vencieron, pues, el 6 de agosto de 1997. Conforme a la normativa y la situación procesal esbozada, la apelación que nos ocupa fue presentada tardíamente. Su incumplimiento con el término jurisdiccional de treinta días (30) privó a este Foro de su jurisdicción sobre la apelación presentada. El hecho de que el Secretario presentara un escrito titulado *"Moción Solicitando Relevo de Sentencia al Amparo de la Regla 49.2"* ante el foro apelado aduciendo las mismas razones que formuló en la moción de reconsideración, no tiene ningún alcance en la cuestión jurisdiccional por cuanto lo que se nos solicita que revisemos es la sentencia de archivo emitida.

Resulta de rigor destacar que siendo el Secretario una parte nominal en las querellas que presenta para beneficio de los obreros de conformidad con la Ley Núm. 15 de 14 de abril de 1931, según enmendada, 3 L.P.R.A. sec. 321 (4), no le cobija el término de sesenta (60) días para apelar dispuesto en la Regla 53.1 de las de Procedimiento Civil, *supra,* para las apelaciones que establezca el Estado Libre Asociado de Puerto Rico, sus funcionarios, instrumentalidades que no fuere[n] una corporación pública o los municipios. Véase, *Almodóvar Marchany v. Warren Electric Co.,* opinión del 24 de mayo de 1996, **96 J.T.S. 75.** Por consiguiente, al amparo de la Regla 83 (B)(1) y (C) de nuestro Reglamento, desestimamos el presente escrito de apelación por falta de jurisdicción.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General