| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| LUIS HIRAM QUIÑONES SANTIAGO<br><br>*Recurrente*<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>*Recurrido* | KLRA202300051 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br><br>Sobre:<br>Alteración de Documentos y otros |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece ante nos el señor Luis Hiram Quiñones Santiago (señor Quiñones Santiago o recurrente), por derecho propio y en forma *pauperis*, mediante el recurso de epígrafe presentado el 30 de enero de 2023.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

## **I.**

Según surge del expediente, el señor Quiñones Santiago se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) extinguiendo una pena de noventa y nueve (99) años con noventa (90) días de reclusión. La sentencia fue dictada el 6 de octubre de 1994 por los delitos de asesinato en primer grado, asesinato en segundo grado, apropiación ilegal agravada, tentativa de asesinato, conspiración, daños agravados y violación a la Ley de Armas.

En su escrito, el señor Quiñones Santiago aduce que ha identificado un patrón de alteración de documentos que obran en

su expediente. En síntesis, refiere que algunos documentos contienen fechas, nombres y direcciones incorrectas. Además, alega que otros documentos tienen información incompleta que puede inducir a error y afectar su proceso de evaluación ante la Junta de Libertad Bajo Palabra. Por ello, el recurrente solicita que este Tribunal de Apelaciones adjudique responsabilidad por presunta falsificación de documentos, falsedad ideológica, posesión y traspaso de documentos falsificados.

Luego de evaluar el escrito del señor Quiñones Santiago, así como los documentos unidos al mismo, prescindimos de la comparecencia del Departamento de Corrección y Rehabilitación, por conducto de la Oficina del Procurador General[1], y procedemos a resolver.

## II.

### -A-

La Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, según enmendada (en adelante, LPAU)[2], define el ámbito de la revisión judicial. En la sección 4.2, expresamente dispone que solamente **órdenes o resoluciones finales** dictadas por las agencias o funcionarios administrativos pueden ser revisadas judicialmente. Dicha sección señala lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y **que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título [...].

---

[1] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(B)(5).

[2] 3 LPRA secs. 9601 *et seq*.

**Una orden o resolución interlocutoria de una agencia**, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, **no serán revisables directamente**[3]. (Énfasis suplido).

De lo anterior, podemos colegir que la norma requiere que se agoten todos los remedios provistos por la agencia o por el organismo administrativo correspondiente antes de acudir a un tribunal revisor, y que la base para la revisión judicial ulterior sea la orden o resolución final de la agencia.

Con relación al requisito de agotar remedios, la sección 4.3 permite que el tribunal releve a la parte de agotar los remedios administrativos si se dan ciertos requisitos. Dicha disposición legal expresa que:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa[4].

Por otro lado, es norma reiterada que los tribunales tenemos la obligación de examinar nuestra jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no[5]. La falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela cuando no la tiene[6]. Una vez el tribunal determina que no tiene jurisdicción procede la inmediata desestimación del recurso[7].

---

[3] 3 LPRA sec. 9672.
[4] Seccón 4.3 de la LPAU, 3 LPRA sec. 9673.
[5] *Ponce Fed. Bank v. Chubb Life Ins. Co.,* 155 DPR 309 (2001); *Medio Mundo, Inc. v. Rivera,* 154 DPR 315 (2001); *Vázquez v. Administración de Reglamentos y Permisos,* 128 DPR 513, 537 (1991) y *Gobernador de P.R. v. Alcalde de Juncos,* 121 DPR 522 (1988).
[6] *Aponte v. Policía de P.R.,* 142 DPR 75, 84 (1996); *Vázquez v. Administración de Reglamentos y Permisos, supra; Gobernador de P.R. v. Alcalde de Juncos, supra.*
[7] *S.L.G. Szendrey Ramos v. F. Castillo,* 169 DPR 873 (2007).

**III.**

En su escueto escrito, el señor Quiñones Santiago alega que ha identificado un patrón de alteración de documentos que obran en su expediente del DCR. Aduce que algunos documentos contienen información incorrecta o incompleta.

Conforme al derecho antes expuesto, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, *supra*, nos faculta para revisar órdenes o resoluciones finales dictadas por agencias o funcionarios administrativos. No obstante, lo anterior no es una norma absoluta. Ciertamente, existen escenarios en los que se releva al promovente de agotar los remedios administrativos por consideraciones de justicia o dilaciones innecesarias.

En este caso, no surge que el señor Quiñones Santiago haya solicitado remedio administrativo alguno ante el DCR ni existe una determinación adjudicativa final que podamos revisar. Tampoco el recurrente ha demostrado que se configure alguna de las excepciones contempladas en la LPAU, *supra,* para que se le releve de agotar los remedios administrativos. En consecuencia, este Tribunal no tiene justificación alguna para atender el reclamo del recurrente sin que este primero acuda ante el DCR. Por lo que este Tribunal, al carecer de jurisdicción para atender el asunto, solo puede desestimar el recurso.

**IV.**

Por los fundamentos que anteceden, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones