Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| FIRSTBANK PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CARMEN ROJAS COSME<br><br>Peticionaria | TA2026CE00461 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F CD2006-2275 (403)<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece por derecho propio la señora Carmen Rojas Cosme ("Rojas Cosme" o "Peticionaria") mediante un recurso intitulado *Escrito de Apelación* presentado el 14 de abril de 2026. Nos solicita la revocación de la *Orden* notificada el 24 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Carolina ("foro primario" o "foro *a quo*"). Por virtud del referido dictamen, el foro primario declaró *No Ha Lugar* la *Moción Para Que Se Deje Sin Efecto Orden Ultra Vires* presentada por la Peticionaria.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

### I.

Surge del expediente ante nos que, el 16 de marzo de 2026, la señora Rojas Cosme presentó ante el foro primario una *Moción Para Que Se Deje Sin Efecto Orden Ultra Vires presentada por la*

*Peticionaria.*[1] Examinado su escrito, al día siguiente, el foro primario dictó *Orden*, notificada el 24 de marzo de 2026, en la cual declaró *No Ha Lugar* la referida solicitud.[2]

Inconforme, el 14 de abril de 2026, la Peticionaria recurrió ante este Tribunal de Apelaciones mediante recurso denominado *Escrito de Apelación*, a los fines de solicitar la revocación del dictamen notificado el 24 de marzo de 2026. En esencia, argumentó que los trámites relacionados con la ejecución de hipoteca están suspendidos por virtud del procedimiento legal activo ante el Foro Federal en el Caso 3-21-CV-01066.

Tras examinar el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.

### A. Jurisdicción

En nuestro ordenamiento, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional.

---

[1] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 2, pág. 2. **Constatamos que, parte de la relación de hechos aquí elaborada surge de la información que consta en la determinación emitida por el foro *a quo* el 24 de marzo de 2026. Puntualizamos, pues, que la Peticionaria no proporcionó la documentación pertinente para desarrollar un tracto procesal a base de la documentación que debe constar en el expediente según las normas reglamentarias que rigen al Tribunal de Apelaciones.**

[2] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 2, págs. 1-3.

*Friger Salgueiro v. Mech-Tech College, LLC y otros*, 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023). En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020).

Conviene explicar que, entre los aspectos que afectan la jurisdicción se encuentra el incumplimiento de las normas relativas al perfeccionamiento del recurso. Tales normas deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007). Por tanto, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase*, Febles v. Romar,* 159 DPR 714, 722 (2003).

Sobre este particular, el Tribunal Supremo de Puerto Rico ha reconocido la relevancia del perfeccionamiento de los recursos y su impacto en la jurisdicción, según se esboza a continuación:

> **La ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. Por eso hemos reiterado que los tribunales deben ser celosos guardianes de su jurisdicción y que tienen el deber de velar por que los recursos se perfeccionen de forma que les sea posible atenderlos**. *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105. Véase, también, *Gobernador de P.R. v. Alcalde de Juncos*, 121 DPR 522, 530 (1988).(Énfasis nuestro).

En virtud de lo anterior, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros, supra*; *FCPR v. ELA et al., supra*, pág. 530. Ante la inobservancia de las normas que rigen el

perfeccionamiento de los escritos apelativos, este foro intermedio apelativo, a solicitud de parte o iniciativa propia, ostenta la facultad para desestimar un recurso cuando no se ha presentado con la diligencia requerida, según disponen los incisos (B)(3) y (C) de la Regla 83 del Tribunal de Apelaciones, Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

### B. *Normas reglamentarias respecto a la presentación de recurso de certiorari*

La Regla 2 del Tribunal de Apelaciones, *supra*, establece que en nuestro ordenamiento apelativo opera el principio de acceso a los tribunales:

> Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

En armonía con lo anterior, nuestro cuerpo reglamentario procura "[o]frecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos", según preceptuado en el inciso (1) de la Regla 2 del Tribunal de Apelaciones, *supra*. Ahora bien, estos principios no implican que las partes pueden incumplir los parámetros reglamentarios que rigen las formalidades en torno a la presentación de los escritos a nivel apelativo. Por tanto, como indicamos, "las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105; *Hernández Maldonado v. Taco Maker, supra*, pág. 290; *García Ramis v. Serrallés, supra*, pág. 253.

A tales efectos, la Parte IV del Reglamento del Tribunal de Apelaciones, *supra*, regula los requisitos de forma y contenido para el perfeccionamiento de los recursos de *certiorari*. En particular, la Regla 34(C), en su inciso (1)(c), del precitado texto reglamentario preceptúa que el recurso de *certiorari* deberá contener una referencia adecuada al dictamen que impugna con la correspondiente mención de la Sala del Tribunal de Primera Instancia que la dictó, la fecha de su emisión, así como la de su notificación. De igual modo, deberá aludir a cualquier moción o resolución que interrumpa o reanude el término para presentar un recurso. *Íd.* A su vez, la Regla 34 (C) del Tribunal de Apelaciones, [*supra*, incisos (1)(d) y (e), establece que dicho recurso incluirá "[u]na relación fiel y concisa de los hechos procesales y materiales del caso", así como "[u]n señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia". Igualmente, el escrito contendrá una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable, de conformidad con el inciso (1)(f) de la precitada regla.

Respecto al apéndice, la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra*, exige que el recurso se presente con los siguientes documentos*:*

> *(a) Las alegaciones de las partes, a saber:*
>
> *(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;*
>
> *(ii) en casos criminales, la denuncia y la acusación, si la hubiere.*
>
> *(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.*
>
> *(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*

*(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta.*

*(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.* (Citas omitidas).

Cónsono con lo anterior, la Regla 74(A) del Tribunal de Apelaciones, aplicable a todos los recursos, *supra*, prescribe que "[t]odos los documentos del apéndice se organizarán en orden cronológico". También, la aludida regla establece que "[s]i el apéndice contiene más de un documento, estará precedido de un índice que indicará la entrada del expediente electrónico en que aparece cada documento". *Íd.* Por último, los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada y las páginas del documento al que hace referencia. *Íd.*

### III.

Evaluado detenidamente el recurso presentado por la señora Rojas Cosme, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En particular, contemplamos que su escrito incumple de modo significativo con las formalidades atinentes a la presentación de los recursos de *certiorari*, de conformidad con la Parte IV del Reglamento del Tribunal de Apelaciones, *supra*. Veamos.

En primer lugar, notamos que el escrito sometido por la Peticionaria no contiene una relación fiel de los hechos procesales y materiales que rodean al caso ante el foro primario. Tampoco incluye una serie de señalamientos de errores imputados al foro *a quo*, respaldados en la norma jurídica aplicable, y debidamente discutidos, tal como preceptúan los incisos (1)(f) y (e) de la Regla 39 del Tribunal de Apelaciones, *supra*. Además de tales deficiencias, en segundo lugar, contemplamos que, el apéndice

presentado por la Peticionaria se distancia de la normativa establecida en la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra*. Por tanto, el apéndice no incluye la totalidad de los documentos sometidos y generados ante el tribunal recurrido. Ello, pues, este contiene únicamente una serie de documentos aislados, no organizados de manera cronológica, los cuales no logramos relacionar con las alegaciones recogidas en el recurso. En efecto, tales inobservancias reglamentarias impiden que tengamos un historial exacto respecto al tracto procesal, lo cual, a su vez, nos priva de atender el caso en sus méritos.

En vista de ello, nos encontramos imposibilitados de activar nuestra facultad revisora. Reiteramos que el escrito presentado por la señora Rojas Cosme, así como su apéndice, incumplen sustancialmente con las normas que rigen el perfeccionamiento de los recursos. Ante tales circunstancias, advertimos que, "las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105; *Hernández Maldonado v. Taco Maker*, *supra*, pág. 290; *García Ramis v. Serrallés*, *supra*, pág. 253. Asimismo, recordamos que, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase, *Febles v. Romar, supra*, pág. 722. Por tanto, incumplidas tales normas, desestimamos el recurso de epígrafe por falta de jurisdicción, de conformidad la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

## IV.

Por los fundamentos que anteceden, **desestimamos** el recurso de epígrafe, por falta de jurisdicción, de conformidad con la Regla 83(C) del Tribunal Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones