Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EDGAR E. OLIVO GARCÍA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00103 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Núm.:<br>PA-51-26<br>PA-50-26<br>PA-22-26<br>GMA1000-579-25 |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2026

Comparece ante nos, por derecho propio y en forma *pauperis*, el señor Edgar E. García Olivo ("señor García Olivo" o "Recurrente"), quien es miembro de la población correccional, mediante escrito intitulado *Recurso de Certiorari Interlocutorio Apelativo en Daños y Perjuicios, Angustias Mentales y Otros*, presentado el 11 de marzo de 2026. Nos solicita la revocación de una decisión administrativa dictada por el Departamento de Corrección y Rehabilitación de Puerto Rico ("Departamento de Corrección" o "agencia").

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

### I.

Surge del expediente ante nos que, el 11 de marzo de 2026, el señor García Olivo recurrió ante este Tribunal de Apelaciones mediante escrito intitulado *Recurso de Certiorari Interlocutorio Apelativo en Daños y Perjuicios, Angustias Mentales y Otros*.

Presentado su escrito, el 18 de marzo de 2026, esta Curia emitió *Resolución*, en la cual concedió a la Parte Recurrida un término a vencer el 13 de abril de 2026 para someter su oposición.

En la fecha dispuesta, el Departamento de Corrección, representado por la Oficina del Procurador General de Puerto Rico ("Procurador General") radicó *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En esencia, arguyó que este foro intermedio apelativo no ostenta jurisdicción para atender el recurso de epígrafe. Precisó, mediante su escrito que, el Recurrente no solicita revisión de un dictamen agencial, sino que peticiona una indemnización en concepto de daños y perjuicios.

## II.

En nuestro ordenamiento, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Friger Salgueiro v. Mech-Tech College, LLC y otros*, 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023). En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020).

Conviene explicar que, entre los aspectos que afectan la jurisdicción se encuentra el incumplimiento de las normas relativas al perfeccionamiento del recurso. Tales normas deben ser

observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007). Por tanto, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase*, Febles v. Romar,* 159 DPR 714, 722 (2003).

Sobre este particular, el Tribunal Supremo de Puerto Rico ha reconocido la relevancia del perfeccionamiento de los recursos y su impacto en la jurisdicción, según se esboza a continuación:

> ***La ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. Por eso hemos reiterado que los tribunales deben ser celosos guardianes de su jurisdicción y que tienen el deber de velar por que los recursos se perfeccionen de forma que les sea posible atenderlos****. Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105. Véase, también, *Gobernador de P.R. v. Alcalde de Juncos*, 121 DPR 522, 530 (1988). (Énfasis nuestro).

En virtud de lo anterior, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros, supra*; *FCPR v. ELA et al.*, *supra*, pág. 530. Ante la inobservancia de las normas que rigen el perfeccionamiento de los escritos apelativos, este foro intermedio apelativo, a solicitud de parte o iniciativa propia, ostenta la facultad para desestimar un recurso cuando no se ha presentado con la diligencia requerida, según disponen los incisos (B)(3) y (C) de la Regla 83 del Tribunal de Apelaciones, Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

### B. Normas reglamentarias respecto a la revisión de dictámenes administrativos

La Regla 2 del Tribunal de Apelaciones, *supra*, establece que en nuestro ordenamiento apelativo opera el principio de acceso a los tribunales:

> Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

En armonía con lo anterior, nuestro cuerpo reglamentario procura "[o]frecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos", según preceptuado en el inciso (1) de la Regla 2 del Tribunal de Apelaciones, *supra*. Ahora bien, estos principios no implican que las partes pueden incumplir los parámetros reglamentarios que rigen las formalidades en torno a la presentación de los escritos a nivel apelativo. Por tanto, como indicamos, "las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105; *Hernández Maldonado v. Taco Maker*, *supra*, pág. 290; *García Ramis v. Serrallés*, *supra*, pág. 253.

A tales efectos, la Parte VII del Reglamento del Tribunal de Apelaciones, *supra*, regula los requisitos de forma y contenido para el perfeccionamiento de los recursos de revisión administrativa. En particular, la Regla 59(C), en su inciso (1)(c), del precitado texto reglamentario preceptúa que el recurso de revisión de decisiones administrativas deberá contener una referencia adecuada al dictamen que se impugna, y una alusión a cualquier moción o resolución que interrumpa o reanude el término para presentar un

recurso de revisión judicial. A su vez, la Regla 59 (C) del Tribunal de Apelaciones, *supra*, incisos (1)(d) y (e), establece que dicho recurso incluirá "[u]na relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso", así como "[u]n señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida". Igualmente, el escrito contendrá una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable, de conformidad con el inciso (1)(f) de la precitada regla.

Respecto al apéndice, la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *supra*, exige que se presente con el siguiente contenido:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

Cónsono con lo anterior, la Regla 74(A) del Tribunal de Apelaciones, aplicable a todos los recursos, *supra,* prescribe que "[t]odos los documentos del apéndice se organizarán en orden cronológico". También, la aludida regla establece que "[s]i el apéndice contiene más de un documento, estará precedido de un índice que indicará la entrada del expediente electrónico en que aparece cada documento". *Íd.* Por último, los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada y las páginas del documento al que hace referencia. *Íd.*

**III.**

Luego de examinar con detenimiento el recurso presentado por el señor García Olivo, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En específico, contemplamos que su escrito incumple de modo significativo con las formalidades atinentes a la presentación de los recursos de revisión administrativa, de conformidad con la Parte VII del Reglamento del Tribunal de Apelaciones. Veamos.

En primer lugar, notamos que el escrito sometido por el Recurrente resulta ilegible, lo cual obstaculiza la identificación de sus argumentos, así como impide conocer cabalmente el historial procesal y sustantivo del caso. En esa línea, observamos que su escrito no exhibe una referencia precisa concerniente a la decisión administrativa cuya revisión solicita, y, además, no alude de modo adecuado a la fecha relativa a la notificación de la determinación, según exige el inciso (1)(c) de la Regla 59 (C) del Tribunal de Apelaciones, *supra.* A su vez, a tenor con el inciso (1)(d) de la precitada regla, percibimos que el escrito tampoco contiene una relación fiel de los hechos procesales y materiales pertinentes al caso. De igual forma, no incluye una serie de señalamientos

errores imputados a la agencia, respaldados en la normativa jurídica aplicable, y debidamente discutidos, tal como preceptúan los incisos (1)(e) y (f) de la Regla 59 (C) de este foro intermedio apelativo.

Además de tales deficiencias, en segundo lugar, contemplamos que, el apéndice presentado por el Recurrente se aparta de las exigencias establecidas en la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *supra*. Particularmente, identificamos que dicho apéndice contiene una serie de documentos presentados y emitidos en diversas fechas ante el Departamento de Corrección, concernientes a unas solicitudes independientes, según su designación alfanumérica. Sin embargo, colegimos que tal documentación no establece un orden cronológico adecuado para facilitar el proceso de revisión judicial, según requiere la precitada regla apelativa. Además, observamos que, en su recurso, el señor García Olivo no provee una alusión a las mociones ni a la determinación recurrida en referencia al apéndice, lo cual impide que tengamos una constancia precisa del tracto procesal originado ante la agencia recurrida.

En vista de ello, reiteramos que el escrito presentado por el Recurrente, así como su apéndice, incumplen sustancialmente con las normas que rigen el perfeccionamiento de los recursos. Ante tales circunstancias, advertimos que, "las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105; *Hernández Maldonado v. Taco Maker, supra*, pág. 290; *García Ramis v. Serrallés, supra*, pág. 253. Asimismo, recordamos que, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase, *Febles v. Romar, supra*, pág. 722. Por

tanto, incumplidas tales normas, desestimamos el recurso de epígrafe por falta de jurisdicción, de conformidad la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, **desestimamos** el recurso de epígrafe por falta de jurisdicción, de conformidad con la Regla 83(C) del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones