ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOEL HERNÁNDEZ SANTOS<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400275 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Caso Núm.: PP-971-23<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece el señor Joel Hernández Santos, en adelante el señor Hernández o el recurrente, quien solicita que ordenemos al Departamento de Corrección y Rehabilitación, en adelante el DCR o el recurrido, proveer el tratamiento dental requerido.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, por tardío.

**-I-**

Surge de la copia certificada del expediente administrativo que el 11 de marzo de 2024 el DCR emitió una *Respuesta al Miembro de la Población Correccional*, mediante la cual le notificó: "usted será citado a la clínica dental próximamente. De tener alguna necesidad clínica[,] favor de solicitar el sick call o la sala de emergencia según la urgencia".

**El recurrente no presentó una moción de reconsideración.**

Así las cosas, el **8 de mayo de 2024**, el señor Hernández compareció ante este foro intermedio mediante una *Solicitud de Revisión Administrativa*.

Conforme a la facultad que nos concede la Regla 7(B)(5)[1] del Reglamento del Tribunal de Apelaciones exoneramos a la parte recurrida de presentar su alegato en oposición a la revisión.

Luego de revisar la copia certificada del expediente administrativo y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

En lo aquí pertinente la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, en adelante LPAU, dispone:

**Sección 3.15. — Reconsideración.**

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre

---

[1] 4 LPRA Ap. XXII-B.

la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.[2]

Por otra parte, la Regla 4.2 de la LPAU regula el término para presentar un escrito de revisión judicial ante este tribunal intermedio. Específicamente, dispone lo siguiente:

**Sección 4.2. — Términos para Radicar la Revisión.**

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.[3]

El término de treinta días para instar la revisión judicial es jurisdiccional, por lo que la presentación o notificación de la misma, fuera de dicho término, priva de jurisdicción al tribunal para entenderla en los méritos.[4]

**B.**

En materia de jurisdicción, el Tribunal Supremo de Puerto Rico ha afirmado categóricamente que no tenemos discreción para asumir jurisdicción donde no la hay.[5] También, ha declarado que un recurso prematuro al igual que uno tardío, "adolece del grave e

---

[2] 3 LPRA sec. 9655.
[3] 3 LPRA sec. 9672.
[4] *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 299 (2022); *Asoc. Condomines v. Meadows Dev.,* 190 DPR 843, 847 (2014).
[5] *Ponce Fed. Bank v. Chubb Life Ins. Co.,* 155 DPR 309, 331 (2001); *Gobernador de PR v. Alcalde de Juncos*, 121 DPR 522, 530 (1988).

insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[6] En consecuencia, la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene.[7] Aun cuando las partes no lo planteen, un tribunal viene obligado a velar su jurisdicción.[8]

De modo que, si al momento de la presentación no ha habido autoridad judicial o administrativa para acogerlo, "su presentación carece de eficacia y no produce ningún efecto jurídico".[9] Por consiguiente, el tribunal que carece de autoridad para atender un recurso sólo tiene facultad para así declararlo y, en consecuencia, desestimarlo.[10]

-III-

Surge de los documentos que obran en autos, que el **11 de marzo de 2024** DCR notificó al señor Hernández copia de la resolución recurrida. Como el recurrente no presentó una solicitud de reconsideración que interrumpiera el término para acudir a este tribunal intermedio, el plazo para presentar un recurso de revisión administrativa venció el **10 de abril de 2024**; es decir, 30 días desde del archivo en autos de la copia de la resolución recurrida. En la medida en que la *Solicitud de Revisión Administrativa* se presentó el

---

[6] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[7] *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980).
[8] *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, SE,* 153 DPR 357, 362 (2001). Véase, además, *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 601 (2021).
[9] *Juliá v. Epifanio Vidal, SE, supra*, pág. 367; *Rodríguez Díaz v. Segarra*, 150 DPR 649, 654 (2000).
[10] *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012); *Caratini v. Collazo*, 158 DPR 345, 355 (2003); *Vega Rodríguez v. Telefónica*, 156 DPR 584, 595 (2002); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

**8 de mayo de 2024,** el recurso es tardío y carecemos de jurisdicción para atenderlo.[11]

## -IV-

Por los fundamentos previamente expuestos, se desestima el recurso por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] El mismo resultado alcanzamos, si asumimos, para efectos de argumentación, que el 19 de marzo de 2024 el recurrente presentó una moción de reconsideración. Como la misma no fue acogida por el DCR, el término para presentar el recurso vencería el 3 de mayo de 2024. Sin embargo, dado que se presentó el 8 de mayo de 2024, la *Solicitud de Revisión Administrativa,* sería de todos modos tardía y careceríamos de jurisdicción para atenderla.