Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| YARIMAR SANTIAGO URBINA **Recurrida** v. NEFTALÍ BUENO SOTO **Peticionario** | TA2026RA00101 | *Revisión de Decisión Administrativa* procedente del Departamento de la Familia, Administración para el Sustento de Menores Caso Núm.: 0600737 Sobre: Alimentos |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece ante nos, por derecho propio, el señor Neftalí Bueno Soto ("Sr. Bueno Soto" o "Recurrente") mediante recurso de *Revisión Judicial* presentado el 10 de marzo de 2026. Nos peticiona la revocación de la *Resolución* notificada el 11 de febrero de 2026, por la Administración para el Sustento de Menores ("ASUME" o "agencia"). Por virtud del referido dictamen, la agencia declaró *No Ha Lugar* la reconsideración presentada por el Recurrente.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

**I.**

Surge del expediente ante nos que, ASUME emitió y notificó *Resolución* el 22 de enero de 2026, en la cual declaró *No Ha Lugar* la solicitud de revisión de pensión alimentaria radicada por el señor Bueno Soto.[1]

---

[1] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 3, págs. 14-27.

Con posterioridad, el 5 de febrero de 2026, la agencia dictó y notificó *Orden*, mediante la cual decretó que el Recurrente deberá pagar mil quinientos dólares ($1,500.00), en concepto de honorarios de abogados.[2]

Así las cosas, durante ese día, el señor Bueno Soto presentó una *Reconsideración* en cuanto la determinación del 22 de enero de 2026.[3] Alegó que el referido dictamen opera como un castigo económico y no como una medida centrada en el bienestar de los menores. Por consiguiente, solicitó que se dejara sin efecto la aludida *Resolución*, y, en consecuencia, peticionó que se efectuara un nuevo análisis ajustado a su real capacidad económica.

En igual fecha, entiéndase, el 5 de febrero de 2026, el señor Bueno Soto radicó una segunda *Moción de Reconsideración*.[4] En esencia, argumentó que no existe base legal para conceder los honorarios de abogados. Razonó que nunca se probó que haya incurrido en conducta temeraria, en incumplimiento deliberado, actuaciones frívolas u obstrucción a los procedimientos administrativos.

Luego de examinar su escrito concerniente a la reconsideración de la *Resolución* emitida el 22 de enero de 2026, ASUME dictó *Orden* el 11 de febrero de 2026, notificada en igual fecha, en la cual declaró *No Ha Lugar* dicha solicitud.[5]

Igualmente, la agencia rechazó de plano la segunda moción de reconsideración presentada por el Recurrente respecto a la imposición de los honorarios.

Inconforme, el 10 de marzo de 2026, el señor Bueno Soto recurrió ante este Tribunal de Apelaciones mediante un recurso de *Revisión Judicial*, en el cual señaló que ASUME erró al emitir la

---

[2] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 3, págs. 30-32.
[3] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 3, págs. 43-45.
[4] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 3, págs. 39-42.
[5] *Véase*, SUMAC TA, Entrada Núm. 1, Anejo 3, págs. 46-47.

*Resolución* del 22 de enero de 2026, en omisión de un análisis matemático de conformidad con las *Guías Mandatorias para el Cálculo de Pensiones Alimentarias*. Arguyó, también que, la agencia incidió al imponer en su contra el pago de honorarios, sin previamente dictaminar que incurrió en temeridad.

Sometido su recurso, esta Curia dictó *Resolución,* en la cual concedió a la Parte Recurrida un término a vencer el 10 de abril de 2026 para radicar su alegato en oposición. No obstante, transcurrido dicho término, constatamos que no presentó su escrito a tales efectos.

Posteriormente, el 20 de abril de 2026, el Recurrente presentó una *Moción Informando Incumplimiento de Agencia y Solicitando Remedios Urgentes*. En esencia, indicó que la agencia no le ha provisto acceso al expediente concerniente a su caso ante ASUME. Por consiguiente, solicitó la intervención de este foro intermedio apelativo a los fines de salvaguardar su derecho al debido proceso de ley.

## II.
### A. *Jurisdicción*

En nuestro ordenamiento, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Friger Salgueiro v. Mech-Tech College, LLC y otros*, 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023). En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y

deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020).

Conviene explicar que, entre los aspectos que afectan la jurisdicción se encuentra el incumplimiento de las normas relativas al perfeccionamiento del recurso. Tales normas deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *García Ramis v. Serrallés,* 171 DPR 250, 253 (2007). Por tanto, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase*, Febles v. Romar,* 159 DPR 714, 722 (2003).

Sobre este particular, el Tribunal Supremo de Puerto Rico ha reconocido la relevancia del perfeccionamiento de los recursos y su impacto en la jurisdicción, según se esboza a continuación:

> ***La ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. Por eso hemos reiterado que los tribunales deben ser celosos guardianes de su jurisdicción y que tienen el deber de velar por que los recursos se perfeccionen de forma que les sea posible atenderlos****.* Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, pág. 105. Véase, también, *Gobernador de P.R. v. Alcalde de Juncos*, 121 DPR 522, 530 (1988). (Énfasis nuestro).

En virtud de lo anterior, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros, supra*; *FCPR v. ELA et al., supra*, pág. 530. Ante la inobservancia de las normas que rigen el perfeccionamiento de los escritos apelativos, este foro intermedio apelativo, a solicitud de parte o iniciativa propia, ostenta la facultad para desestimar un recurso cuando no se ha presentado con la diligencia requerida, según disponen los incisos (B)(3) y (C) de la Regla 83 del Tribunal de

Apelaciones, Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

### B. Normas reglamentarias respecto a la revisión de dictámenes administrativos

La Regla 2 del Tribunal de Apelaciones, *supra*, establece que en nuestro ordenamiento apelativo opera el principio de acceso a los tribunales:

> Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

En armonía con lo anterior, nuestro cuerpo reglamentario procura "[o]frecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos", según preceptuado en el inciso (1) de la Regla 2 del Tribunal de Apelaciones, *supra*. Ahora bien, estos principios no implican que las partes pueden incumplir los parámetros reglamentarios que rigen las formalidades en torno a la presentación de los escritos a nivel apelativo. Por tanto, como indicamos, "las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105; *Hernández Maldonado v. Taco Maker*, *supra*, pág. 290; *García Ramis v. Serrallés*, *supra*, pág. 253.

A tales efectos, la Parte VII[6] del Reglamento del Tribunal de Apelaciones, *supra*, regula los requisitos de forma y contenido para

---

[6] De acuerdo con la Regla 56 del Tribunal de Apelaciones, *supra*, esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones dictadas las agencias, ya sea en su función adjudicativa o cuasi legislativa.

el perfeccionamiento de los recursos de revisión administrativa. En particular, la Regla 59(C), en su inciso (1)(c), del precitado texto reglamentario preceptúa que el recurso de revisión de decisiones administrativas deberá contener una referencia adecuada al dictamen que impugna, y una alusión a cualquier moción o resolución que interrumpa o reanude el término para presentar un recurso de revisión judicial. A su vez, la Regla 59 (C) del Tribunal de Apelaciones, *supra*, incisos (1)(d) y (e), establece que dicho recurso incluirá "[u]na relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso", así como "[u]n señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida". Igualmente, el escrito contendrá una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable, de conformidad con el inciso (1)(f) de la precitada regla.

Respecto al apéndice, la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *supra*, exige que se presente con el siguiente contenido:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

Cónsono con lo anterior, la Regla 74(A) del Tribunal de Apelaciones, aplicable a todos los recursos, *supra*, prescribe que "[t]odos los documentos del apéndice se organizarán en orden cronológico". También, la aludida regla establece que "[s]i el apéndice contiene más de un documento, estará precedido de un índice que indicará la entrada del expediente electrónico en que aparece cada documento". *Íd.* Por último, los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada y las páginas del documento al que hace referencia. *Íd.*

### III.

Luego de examinar con detenimiento el recurso presentado por el señor Bueno Soto, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En particular, contemplamos que su escrito incumple de modo significativo con las formalidades atinentes a la presentación de los recursos de revisión administrativa, de conformidad con la Parte VII del Reglamento del Tribunal de Apelaciones. Veamos.

A esos efectos, notamos que el escrito sometido por el Recurrente no exhibe una referencia precisa concerniente a la decisión administrativa cuya revisión solicita, y, además, no alude adecuadamente a la fecha relativa a la notificación de la determinación, según exige el inciso (1)(c) de la Regla 59 (C) del Tribunal de Apelaciones, *supra*. A su vez, a tenor con el inciso (1)(d) de la precitada regla, percibimos que el recurso tampoco contiene una relación fiel de los hechos procesales y materiales que rodean al caso de marras. Cónsono con lo anterior, no incluye una serie de señalamientos de errores imputados a la agencia recurrida,

respaldados en la norma jurídica aplicable y debidamente discutidos, tal como preceptúan los incisos (1)(f) y (e) de la Regla 59 (C) de este foro intermedio.

Además de tales deficiencias, contemplamos que, el apéndice presentado por el Recurrente no se ajusta a la normativa establecida en la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *supra*. Específicamente, el apéndice no incluye la totalidad de los documentos sometidos y generados ante ASUME pertinentes a los argumentos esbozados en el recurso presente. En efecto, tal inobservancia reglamentaria impide que tengamos un historial exacto respecto al tracto procesal a nivel administrativo. Es decir, no contamos con la solicitud que originó el procedimiento ante el foro administrativo, ni la serie de mociones y documentos que nos coloquen en una posición adecuada para atender el caso en sus méritos.

En vista de ello, nos encontramos imposibilitados de activar nuestra facultad revisora. Reiteramos que el escrito presentado por el señor Bueno Soto, así como su apéndice, incumplen sustancialmente con las normas que rigen el perfeccionamiento de los recursos. Ante tales circunstancias, advertimos que, "las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, pág. 105; *Hernández Maldonado v. Taco Maker*, *supra*, pág. 290; *García Ramis v. Serrallés*, *supra*, pág. 253. Asimismo, recordamos que, no se justifica el incumplimiento de los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase*, Febles v. Romar, supra*, pág. 722. Por tanto, incumplidas tales normas, desestimamos el recurso de epígrafe por falta de jurisdicción, de conformidad la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

## IV.

Por los fundamentos que anteceden, **desestimamos** el recurso de epígrafe por falta de jurisdicción, de conformidad la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones