Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| HILDA A. MORENO RAMÍREZ DE ARELLANO<br><br>*Peticionaria*<br><br>v.<br><br>ALVIN SZUMLINSKI, FERDINAND MORALES PEREIRA<br><br>*Recurridos* | TA2026CE00024<br><br>consolidado con<br><br>TA2026CE00028 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: NSCI200601030 (302)<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2026.

Comparece ante nos la señora Hilda A. Moreno Ramírez de Arellano (señora Moreno o peticionaria) mediante los recursos de *Certiorari* **TA2026CE00024** y **TA2026CE00028** y nos solicita la revisión de tres órdenes, emitidas el 30 de octubre de 2025, notificadas el 4 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro recurrido). Mediante los referidos dictámenes, el TPI declaró *No Ha Lugar* varias mociones relacionadas, con la falta de jurisdicción de la materia, falta de partes indispensables, entre otras.

En el recurso **TA2026CE00024**, nos pide la revocación de la Orden de 20 de noviembre de 2025, en donde el foro recurrido declaró **No Ha Lugar**[1] la *"Moción en Reconsideración de la Resolución fechada el 30 de octubre de 2025, Moción Informativa y de Reconsideración al Amparo de las Reglas 10.2(2), 10.2(6), 10.6, 16.1 y 22.1 de PC. Informando la Falta de Jurisdicción Sobre Partes Indispensables, específicamente, los miembros de la Sucn. del Difunto*

---

[1] Apéndice del recurso, págs. 140-141. Notificada el 25 de noviembre de 2025.

*Codemandado Alvin Sumley quien era Codueño de la Finca433951 Junto con la PDte".*

Por otro lado, en el **TA2026CE00028** nos solicita un *mandamus* para que el TPI reconozca el cambio de ubicación registral de la Finca #1895 de Luquillo en controversia por la Finca #38693 ubicada en Rio Grande[2]. Como error, señala que el TPI faltó por trece (13) años en cumplir con la Regla del Mandato con relación a la requerida aplicación de las instrucciones del Tribunal Supremo de Puerto Rico (TSPR) en su Sentencia Interlocutoria de *Moreno v Morales*[3]. Así como, solicita que se revoque la *Orden* del 20 de noviembre de 2025[4], en donde declaró **No Ha Lugar** la "*Moción Informativa y Reconsideración al Amparo de las Reglas 10.2 (1), 10.6 de PC, 32 LPRA Ap. V, Rs 10.2(1), 10.6 (2009) Informando posible impedimento de jurisdicción sobre la materia debido al cambio de ubicación municipal y número de la finca bajo litigio debido a la inesperada traslado de la mismo por el registro de la propiedad y Moción en reconsideración de la Resolución fechada el 30 de octubre de 2025[5]*".

De conformidad con la Regla 80.1 de nuestro Reglamento[6], el 14 de enero de 2026, ordenamos la consolidación de los dos (2) recursos, en atención a que en ambos se recurre de dictámenes emitidos en un mismo caso.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* solicitado en el recurso **TA2026CE00024**; y *revocamos* la *Orden* emitida el 25 de noviembre de 2025 sobre la negativa de permitir la sustitución de

---

[2] Apéndice del recurso, págs. 99-101.
[3] *Moreno v Morales et. al*, 187 DPR 429 (2012).
[4] Apéndice del recurso, págs. 140-141. Notificada el 25 de noviembre de 2025.
[5] Apéndice del recurso, pág. 141.
[6] Regla 80.1 del Reglamento *del Tribunal de Apelaciones*, según enmendada, In Re Aprob. Enmda. Reglamento TA, 2025 TSPR 141, págs. 143-114, 216 DPR _____, (2025).

parte. Referente al recurso de *certiorari* **TA2026CE00028**, se ***desestima*** por académico.

## I.

Este caso tiene su génesis cuando el matrimonio habido entre la señora Moreno y el señor Alvin James Szumlinski t/c/c Alvin James Sumley (señor Sumley) suscribieron la *Escritura Pública Número 184 sobre División Parcial de Sociedad de Gananciales*, otorgada el 10 de diciembre de 1964, ante el notario Bird Martínez[7] (Escritura Núm. 184). En lo pertinente a la controversia del caso de autos, la Escritura Núm. 184 dispuso que la finca 1895 que ubica en el Barrio Mameyes del término municipal de Luquillo, no será objeto de liquidación o de división parcial mediante dicha escritura. Las partes pactaron gestionar la segregación de la finca en dos (2) lotes iguales ante la Junta de Planificación de Puerto Rico[8]. Surge del expediente que la segregación de la finca nunca se concretizó.

El 15 de abril de 2005, el notario Ríos Acosta, otorgó el *affidavit número 23127 sobre documento privado de compraventa* entre el señor Sumley y los señores Ferdinand Morales Pereira (señor Morales) y Neftalí Ortiz Betancourt (señor Ortiz)[9]. En este se instituye como compradores de un predio de terreno radicado en el Barrio Mameyes de Luquillo por el precio de $42,500.00[10] a los señores Morales y Ortiz.

El 13 de diciembre de 2006, la Lcda. Kimberley Cupp-Moreno, hija de la peticionaria, alegó que recibió una carta suscrita por el abogado Rodríguez Llanos a petición del señor Morales, mediante la cual solicitó que la peticionaria se pusiera en contacto con el señor Sumley a los fines de otorgar una escritura de rectificación de cabida

---

[7] Apéndice del recurso, pág. 30.
[8] *Íd.*, pág. 34.
[9] Apéndice del recurso, pág. 728. Se desestimó la causa de acción contra el señor Ortiz Betancourt por fallecimiento y no haber sustituido a la parte.
[10] Apéndice del recurso, pág. 61.

de la propiedad antes mencionada. Unida a esta correspondencia, el letrado incluyó una carta suscrita por el señor Morales y dirigida a la señora Moreno con fecha de 18 de julio de 2006, la cual había sido devuelta por el correo. En esa carta, el recurrido recabó la ayuda de la peticionaria para poder identificar las colindancias de la finca, ya que el año anterior había comprado la participación del señor Sumley y estaba trabajando en el desmonte del terreno[11].

El 20 de diciembre de 2006, siete (7) días después de recibir la comunicación detallada en el párrafo que precede, la licenciada Cupp-Moreno notificó mediante carta, tanto al señor Morales como al señor Sumley, su deseo de ejercitar su derecho al retracto[12] más solicitar una indemnización por concepto de daños y perjuicios.

El 22 de diciembre de 2006, se entabló la *Demanda*[13] contra los señores Sumley, Morales y Ortiz, en la que la señora Moreno reclamó su derecho de ejercitar el retracto y, a su vez, solicitó una causa de acción por daños y perjuicios, y angustias mentales originadas por la segregación unilateral, alteración de la finca, tala de árboles y movimiento de corteza terrestre. Además, negó las alegaciones sobre la fecha en que la peticionaria advino en conocimiento sobre la venta de la finca.

El 11 de junio de 2007, se anotó la rebeldía al señor Sumley. El 6 de diciembre de 2007, el señor Morales presentó *Contestación a la Demanda* y a su vez reconvino por concepto de daños y perjuicios[14]. En apretada síntesis, negó las alegaciones sobre la fecha en que la peticionaria advino en conocimiento sobre la venta de la finca. De otro lado, argumentó que la señora Moreno renunció a su derecho a ejercer el retracto, ya que no consignó el precio de venta cuando instó el pleito en su contra ni prestó fianza, por lo cual

---

[11] Apéndice del recurso, págs. 331-370, *Moreno v Morales et. al., supra.*
[12] *Íd.*
[13] Apéndice del recurso, pág. 626.
[14] Apéndice del recurso, pág. 644.

incumplió con los requisitos establecidos en el Artículo 1407 del Código Civil de 1930[15].

El 17 de diciembre de 2007, la señora Moreno presentó *Contestación a Reconvención*[16]. Ese mismo día, solicitó autorización para consignar en el TPI cuarenta y dos mil quinientos dólares ($42,5000.00), cantidad que pagaron los compradores. El TPI aceptó la consignación de la señora Moreno[17].

Inconforme con la determinación del TPI, el señor Morales presentó un recurso de *Certiorari* ante nuestra *Curia* y alegó que incidió el foro de instancia "al no desestimar la demanda por no cumplir con el requisito legal del retracto de consignar el precio si es conocido, o si no lo fuera, dar fianza de consignarlo luego que lo sea". Un foro hermano determinó revocar la resolución emitida por el TPI. La peticionaria solicitó reconsideración de dicha determinación, la cual fue denegada. Insatisfecha aun, recurrió al Tribunal Supremo (TS).

El Tribunal Supremo revocó al foro intermedio, en *Moreno v Morales et* al[18], 187 DPR 429, 440 (2012). Además, resolvió lo siguiente:

> Recapitulando, conforme lo antes reseñado, para que comience a decursar el término provisto para **presentar la acción de retracto es indispensable que el referido negocio jurídico se haya elevado a escritura pública para hacer efectivo el traspaso.** Es este el único modo en que el retrayente podrá legítimamente subrogarse en el lugar del comprador conforme exige la figura del retracto ya que, de omitirse esta exigencia de forma, a lo único que podría aspirar el alegado retrayente sería a estar en posición de requerirle al vendedor cumplir con lo previamente pactado con el comprador. A falta de escritura pública, el retrayente no estaría ocupando el lugar del comprador en calidad de dueño de la participación correspondiente en la propiedad, condición intrínseca para que pueda operar el retracto.
>
> [...] en su Contestación a la Demanda, el señor Morales reveló el precio pagado por éste y se limitó a negar las

---

[15] 31 LPRA sec. 3912.
[16] Apéndice del recurso, pág. 648.
[17] Apéndice del recurso, pág. 723.
[18] *Moreno v Morales et* al, *supra,* págs. 440, 442-443.

alegaciones aducidas por la peticionaria correspondientes a la falta de conocimiento oportuno de la transacción. Aunque en su Reconvención identificó a los cuatro (4) compradores de la participación del señor Sumley, no hizo referencia alguna a que se haya otorgado escritura pública. Simplemente, informó que se adquirió la aludida participación en la finca "según documento privado de compraventa de 16 de abril de 2004, en Fajardo, Puerto Rico, reconocido ante el Notario Antonio Ríos Acosta [mediante] (affidávit 23,127)".

[...]En consecuencia, resulta indispensable que el tribunal de instancia **indague, primeramente, si se concretizó una compraventa válida de la participación del señor Sumley** en la finca en cuestión antes de poder resolver si la acción de retracto y la prestación de fianza estuvieron en tiempo. Es decir, si existe la correspondiente escritura pública.

Así las cosas, el 4 de marzo de 2008, la señora Moreno presentó *Demanda Enmendada*[19] e incluyó a la esposa del señor Sumley, Iris Sumley, la esposa del señor Morales, señora Inés Leonor Escobar y la esposa del señor Ortiz, cuyo nombre es Nilda Ortiz Olivero, también incluyó al Lcdo. Rafael Rodríguez Llanos; todos fueron debidamente emplazados. El señor Morales presentó *Contestación a la Demanda Enmendada y Reconvención*[20].

El 22 de agosto de 2014, la señora Moreno presentó "*Moción Solicitando Sentencia Sumaria Parcial y Segunda Solicitud de Consolidación, al Amparo de las Reglas 36.3 y 38.1 (2009)*[21]".

En desacuerdo, el señor Morales presentó *Moción al Amparo de las Reglas 36.3 (b) de las Reglas de Procedimiento Civil*[22].

El 28 de octubre de 2019, el TPI dictó *Sentencia Parcial*[23] y resolvió*:*

(1) Se declara **NO HA LUGAR** la moción de reconsideración presentada el 7 de agosto de 2019 por la parte demandante[24].

(2) Se enmienda la resolución de 21 de junio de 2019 y se ordena que se notifique como Sentencia Parcial.

---

[19] Apéndice del recurso, pág. 653.
[20] Apéndice del recurso, pág. 732.
[21] Apéndice del recurso, págs. 716-731.
[22] *Íd.*
[23] *Íd.*
[24] Apéndice del recurso, pág. 721, en donde el TPI desestimó la causa de acción contra el señor Ortiz por incumplimiento de la peticionaria con órdenes del TPI, sobre sustitución de parte fallecida.

(3) Se declara **HA LUGAR** la moción de sentencia sumaria presentada por la parte demandante. En consecuencia, se desestima la causa de acción de retrato legal de comunero presentada por la parte demandante en la Demanda.

(4) Se declara nula la compraventa de la porción del Sr. Sumley en la Finca 1895 efectuada el 15 de abril de 2004 mediante la Affidavit Núm. 231237. En consecuencia, se declara, además que la Sra. Moreno y el Sr. Sumley aún son dueños en común *proindiviso* de la Finca 1895.

(5) Se declara **NO HA LUGAR** las solicitudes de desestimación bajo fundamento de falta de parte indispensable y falta de jurisdicción sobre la persona presentadas por el Sr. Morales Pereira.

(6) Se ordena la devolución a la parte demandante de los cuarenta y dos mil quinientos dólares ($42,500.00) consignados.

(7) Se ordena la devolución de la fianza de no residente a la parte demandante ya que la propiedad objeto de controversia se trata de un bien inmueble sito en Puerto Rico.

El 12 de abril de 2021, luego de varios incidentes procesales que son innecesarios pormenorizar, el TPI emitió una *Sentencia Parcial*[25] y dispuso sobre la *Demanda contra coparte* presentada por el señor Morales en la cual solicitaba que se le ordenara al señor Sumley a pagarle el dinero que invirtió en la compra, limpieza, y mantenimiento de la propiedad objeto de la presente controversia y/o, en la alternativa, se ordenara que la participación del señor Sumley fuera inscrita a su nombre en el Registro de la Propiedad. El foro apelado dispuso:

1) Se ordena la desestimación de las causas de acción de daños y perjuicios por daño a la propiedad y falta de notificación de la compraventa presentada por la señora Moreno en la "*Demanda Enmendada*"

2) Se ordena la desestimación de la "*Reconvención*" y la "*Demanda contra Coparte*" presentadas el 12 de diciembre de 2019 por el Sr. Morales por falta de parte indispensable; y

3) Transcurrido en exceso el término para presentar una contestación a demanda, se anota la rebeldía a los codemandados siguientes 1) Sr. Sumley; 2) Sra. Inés Leonor Escobar Maldonado; 3) Sra. Nilda Ortiz Olivero; 3) Sra. Iris Sumley; y 4) Lcdo. Rafael Rodríguez Llanos[26].

---

[25] Apéndice del recurso, pág. 782.
[26] Mediante R*esolución* emitida el 12 de mayo de 2021 y notificada el 14 de mayo de 2021, el foro primario enmendó la *Sentencia Parcial,* al dejar sin efecto la anotación de rebeldía del señor Morales, la señora Escobar Maldonado y la señora Ortiz Olivero, véase el KLAN202100422.

El 12 de octubre de 2022, el representante legal del señor Sumley presentó una *Moción para Informar Fallecimiento de Parte.* **Apuntalamos que esta curia desconoce la fecha cierta de la presentación de la *Moción para Informar Fallecimiento de Parte* porque no fue incluida en el apéndice de la apelación**.

Surge del apéndice presentado que, el TPI notificó electrónicamente varias determinaciones como consecuencia de la presentación de la *Moción para Informar Fallecimiento de Parte,* a saber: tomó conocimiento de la muerte del señor Sumley[27], declaró Con Lugar una *Moción solicitud para utilizar los servicios de Boyds Process Serv. / Investigation Serv. En Fort Pierce, Florida para emplazar Amy Power*[28]*,* declaró Con Lugar la *Moción Réplica a Moción para Informar Fallecimiento de Parte Alvin Szumlinski*[29]*,* y ordenó al representante legal del señor Sumley que provea en quince (15) días la información solicitada por la señora Moreno. El 28 de octubre de 2022, el representante legal del señor Sumley, presentó *Moción en Cumplimiento de Orden*[30]*.* El 10 de enero de 2023, la peticionaria presentó *(I) Moción Solicitando la Sustitución del Fallecido co-demandado Alvin Sumley T/C Alvin Szumlinski, (II) Permitir la Enmienda de la Demanda Enmendada, y (III) Solicitud para que expida emplazamiento para Amy A. Powers, T/C Amy A. Sumley, Amy A. Szumlinski, y Iris Alexandrino Szumlinski, T/C Iris Sumley, como partes en sustitución del difunto al amparo de las Reglas 4.1, 22.1 de las de Procedimiento Civil, 32 LPRA AP. V, 4.1, 22.1 (2009)*[31].

Tomamos conocimiento judicial de la controversia resuelta por un panel hermano en el **KLCE202300093**, que dispuso *que el*

---

[27] Apéndice del recurso, pág. 204.
[28] Apéndice del recurso, pág. 205.
[29] Apéndice del recurso, pág. 206.
[30] Apéndice del recurso, págs. 207-211.
[31] Apéndice del recurso, págs. 212-289 y anejos.

*27 de enero de 2023, la Sra. Hilda A. Moreno Ramírez de Arellano (señora Moreno o peticionaria) compareció ante nos, por derecho propio, mediante una Petición de Certiorari y solicitó la revocación de dos (2) órdenes emitidas el 1 de noviembre de 2022 y notificadas el 2 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). En la primera Orden recurrida, el TPI determinó que no procedía la admisión de la Moción Solicitando Enmienda […] que presentó la peticionaria toda vez que incumplió con la Regla 12(f)(2) del Reglamento del Tribunal Supremo. De otra parte, mediante la segunda Orden recurrida, el TPI, de igual forma, no admitió una Moción de Reconsideración que presentó la señora Moreno por incumplimiento con la regla antes descrita[32].*

Dispuso el panel hermano que:

Cabe resaltar que, según discutimos en el precitado derecho, a pesar de que el nuevo Reglamento del Tribunal Supremo entró en vigor el 12 de enero de 2012, entiéndase, posterior a la fecha en que nuestro más alto foro admitió por cortesía a la Lcda. Cupp-Moreno, este les aplica a todos los procedimientos que estaban pendientes a esa fecha. Regla 53 del Reglamento del Tribunal Supremo, *supra.* En consecuencia, a pesar de que el 2 de enero del 2008, el Tribunal Supremo admitió por cortesía a la Lcda. Cupp-Moreno para representar a la peticionaria en el presente caso, esta última está obligada a darle fiel cumplimiento a las disposiciones de la Regla 12(f)(2) del Reglamento del Tribunal Supremo, *supra.*

El 10 de enero de 2023, la señora Moreno presentó **por derecho propio** una *Moción* mediante la cual peticionó tres asuntos: i) la sustitución del señor Sumley; ii) enmienda a la demanda ya enmendada para incluir a las coherederas del señor Sumley; iii) la expedición de emplazamientos a Iris Sumley y Amy Powers al amparo de las Reglas 4.1 y 22.1 de Procedimiento Civil, *infra*[33]. La peticionaria anejó a su solicitud la *Demanda Enmendada* y los proyectos de emplazamientos[34].

---

[32] **KLCE202300093**.
[33] Apéndice del recurso, págs. 212-224.
[34] Apéndice del recurso, págs. 225-289.

El 19 de enero de 2023, notificada el 26 de enero de 2023, el TPI emitió una *Orden* en la cual **pospuso la solicitud sobre enmienda a la demanda** hasta tanto no se atendiera un asunto de umbral. Esto es, la capacidad de la peticionaria para representarse por derecho propio en el pleito dado a la complejidad del caso, para ello citó una vista[35].

Luego de múltiples trámites procesales, el TPI emitió una *Resolución* el 30 de octubre de 2025[36]. En esencia, el TPI les concedió a las partes un término perentorio para presentar el Informe de Conferencia con Antelación al Juicio, vencedero el 1 de diciembre de 2025. De igual modo, el TPI añadió que las partes deberían incluir la valoración de los daños alegados.

El 18 de noviembre de 2025, la señora Moreno **presentó por derecho propio**, **tres mociones de reconsideración**, cada una sobre un tema legal diferente. En la primera moción, la peticionaria informó la falta de parte indispensable[37]. Entiéndase, las señoras Iris Sumley y Amy Powers en sustitución del señor Sumley. Por ello, le solicitó al TPI que dejara sin efecto su *Resolución* y que, en su lugar, aprobara la *Demanda Enmendada* y los proyectos de emplazamientos sometidos desde el año 2023. Las otras dos mociones relacionadas con el **TA2026CE00028** trataban sobre cambio en la ubicación municipal y número de la finca en litigio[38]; y sobre incumplimiento del TPI con el mandato del TSPR en *Moreno v. Morales, supra*[39]. El 20 de noviembre de 2025, notificada el 25 de noviembre de 2025, el TPI emitió una orden en la que declaró *No Ha Lugar* las tres mociones de la señora Moreno[40].

---

[35] Apéndice del recurso, págs. 371-372.
[36] Apéndice del recurso, págs. 83-85.
[37] Apéndice del recurso, págs. 87-91.
[38] Apéndice del recurso, págs. 93-101.
[39] Apéndice del recurso, págs. 102-139.
[40] Apéndice del recurso, págs. 140-141.

Inconforme, la peticionaria **presentó tres mociones por derecho propio**, en las cuales solicitó la recusación del Hon. José M. Marrero Pérez, juez asignado al caso de epígrafe. La primera moción se presentó el 2 de diciembre de 2025[41], mientras que la segunda[42] y tercera moción[43] se presentaron el 15 de diciembre de 2025. El 3 de diciembre de 2025, notificada el 8 de diciembre de 2025, el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* la primera moción de recusación de la peticionaria por no cumplir con los requisitos de la Regla 63.2 de Procedimiento Civil[44]. En esa misma fecha, el TPI emitió una *Orden* en la cual le impuso a las partes una sanción económica de doscientos dólares ($200.00) por incumplir con la *Orden* del 30 de octubre de 2025[45]. De otro lado, les concedió a las partes hasta el 12 de diciembre de 2025 para el pago de la sanción, *so pena de la desestimación del caso.*

Inconforme aun, el 29 de diciembre de 2025, la señora Moreno acudió a este foro intermedio **por derecho propio**, mediante dos (2) recursos de *Certiorari.* En el **TA2026CE00024**, señaló la comisión de los siguientes errores:

> **ERROR #1**: Erró el TPI al Faltar de Cumplir Con Su Deber Ministerial y Su Obligación *Sine Qua Non* de Permitir la Sustitución del Difunto Codemandado Alvin Sumley con los Miembros de Su Sucesión Como Partes Indispensables Para Salvaguardar la *Juridicción In Personam* del Foro.

> **ERROR #2**: Erró el TPI al Faltar de Aplicar las Reglas de Procedimiento Civil de Manera Cronológica *"Escalonada, en Orden Lógico, Natural y Armonioso entre Sí,"* y Por Este Medio, Violo la Regla 1 de P.C., 32 L.P.R.A. Ap. V (2009) y Los Derechos Constitucionales de la PDte. (I) De Ser Oída, (II) De *Solicitar Reparas Para Sus Agravios Frente de Su Gobierno*, (III) De un *Debido Proceso de Ley*, de (IV) un *Juicio Justo*, Según Requerido por el Art. II, §§ 4, 7 (1952) de la Const. del E.L.A. y el Art. XIV, § 1 (1868) y Art. 1 (1789) de la Const. de los E.U.

> **ERROR #3**: Erró el TPI a Obligar a las Partes de Someter *"Una Valoración de Alegados Daños Firmados Por Todas las Partes"* Sin Haberse Cumplido Previamente con los Requisitos Bajo La Regla 10.2 (1)(2)(5)(6) y 34.1-34.4 de P.C.,

---

[41] Apéndice del recurso, págs. 142-163.
[42] Apéndice del recurso, págs. 380-507.
[43] Apéndice del recurso, págs. 508-622.
[44] Apéndice del recurso, págs. 375-376.
[45] Apéndice del recurso, págs. 377-378.

32 L.P.R.A. AP. V (2009), *La Ley del Caso*, y Haber Acreditado la Prueba *Prima Facie* (Self-Authenticating Evidence) Sometida por la PDte. Junto con la *Clara Ausencia de Prueba* Que los Codemandados No Han Sometido No Obstante el Mandato del Tribunal Supremo; tales omisiones se pueden entender como la Prohibición Judicial de "*Anticipar Juicio*" y "*Faltar a la Imparcialidad.*"

**ERROR #4**: Erró el TPI al Utilizar la Jurisprudencia de *Rodríguez v. Hospital*, 186 D.P.R. 889 (2012) y as Reglas 37.6 y 37.7 de P.C., 32 L.P.R.A. Ap. V (2009) --en esta Etapa Preliminar de Los Procedimientos Sin Haber el TPI Cumplido Previamente con los Requisitos Bajo las Reglas 1.02, 37.1-37.4, 32 L.P.R.A. AP. V (2009), la Ley del Caso junto con una Evaluación y Determinación Sobre la Prueba Prima Facie Ya Sometida por la PDte. y la Ausencia de Prueba Sometida por los Codemandados; el Hon. Juez está prohibido de *Y la Ley del Caso*, --Para Tratar de Coaccionar a las Partes de Transigir el Caso Mediante la Requerida Provisión de Un Estimado de Daños Acordados Entre Ellos, Debido a las Restricciones Impuestas por las Reglas 1 y 2 de P.C., 32 L.P.R.A. AP. V (2009) y los Cánones de Ética Judicial, 9, 11, Y 17, 4 L.P.R.A. Ap. IV - B 2005).

**ERROR #5**: Erró el TPI Al Sancionar a la PDte. $ 200.00 dólares sin Medir Justa Causa Para Ello Conforme al Requisito de la Regla 37.7 de P.C., 32 L.P.R.A. Ap. V 2009) y, Luego, con Amenazarla con la Pena de Desestimar Sus Alegaciones.

En el **TA2026CE00028**, expuso que el TPI erró al faltar por (13) años de cumplir con la Regla del Mandato con relación a la requerida aplicación de las instrucciones del TSPR en su *Sentencia Interlocutoria* de *Moreno v Morales*[46]".

La parte recurrida no compareció a pesar de habérsele concedido término para ello. La señora Moreno presentó dos mociones **por derecho propio**, a saber: el 29 de enero de 2026, presentó *Moción informando posible violación de la Regla 9 (j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. AP. XXI-B 2023) por parte del representante legal de la codemandada Iris Sumley y su hija, Amy Powers (quien todavía no ha sido unido al pleito),* y el 17 de febrero de 2026, moción intitulada *Urgente notificación del fallecimiento del codemandado Rafael Rodríguez Llanos.*

---

[46] *Moreno Ramírez de Arellano v Sumley, Morales, et. al,* 187 DPR, 435 (2012).

Cabe señalar que el Reglamento del Tribunal de Apelaciones no contempla la presentación de escritos ulteriores sin autorización por lo que procede dar por no puestas las referidas mociones.

Por consiguiente, declaramos perfeccionados los recursos de epígrafe sin el beneficio de la comparecencia de la parte apelada y procedemos a resolver la controversia ante nuestra consideración.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[47]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[48]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[49]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[50].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[51], señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[47] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[48] *Íd.*

[49] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.

[50] *Íd.*

[51] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Regla 22 de Procedimiento Civil regula la sustitución de una parte por distintas causas. En específico, la Regla 22.1, *supra*, en su inciso (b), atiende la sustitución de una parte por motivo de muerte. En lo pertinente, establece lo siguiente:

> *Regla 22. Sustitución de partes*
> *Regla 22.1. Muerte*
> *(a) …*
> *(b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, **ordenará la sustitución de la parte fallecida por las partes apropiadas.** **Los y las causahabientes** o representantes **podrán presentar la solicitud de sustitución del finado o de la finada,** y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. **La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito.** Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio*[52].

---

[52] 32 LPRA Ap. V, R. 22.1, inciso (b).

Como vemos, en caso de muerte —la referida Regla 22.1, inciso (b)— tiene el propósito de sustituir al finado por sus causahabientes. Es decir, estos son las partes apropiadas para sustituir al fallecido y, quedarán en igual rango y derecho que tenía el finado.

**-C-**

La Regla 16.1 de Procedimiento Civil[53] establece el mecanismo de acumulación de parte indispensable. Esta regla, en lo pertinente, establece lo siguiente: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada"[54].

Sobre esta norma procesal nuestro Tribunal Supremo ha expresado, en primer término, que es parte de la protección constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. En segundo término, que responde a la necesidad de incluir a una parte indispensable para que el dictamen judicial que pueda ser emitido sea completo para las personas que ya son partes en el pleito[55].

Asimismo, nuestra última instancia en derecho ha expresado que las cuestiones litigiosas ante el Tribunal no pueden adjudicarse correctamente sin la presencia de una parte cuyo interés o derecho puede verse seriamente afectado por una determinación judicial[56]. La ausencia de una parte indispensable priva al tribunal de jurisdicción para resolver la controversia[57].

---

[53] 32 LPRA Ap. V, R. 16.1.
[54] *Íd.*
[55] *RPR & BJJ, Ex parte,* 207 DPR 389 (2021).
[56] *Íd.*, pág. 14.
[57] *Íd.*

Ahora bien, el "interés común" al que hace referencia la Regla 16.1, *supra,* no debe interpretarse por criterios puramente semánticos[58]. Dado que este **no se refiere a cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente**[59]. (Énfasis nuestro). La determinación sobre la necesidad de acumular una parte por ser indispensable es una tarea que le corresponde a los tribunales, según los hechos específicos de cada caso y el tipo de pleito[60]. Los tribunales deben evaluar factores tales como el tiempo, el lugar, el modo, las alegaciones, la prueba, la clase de derechos, los intereses en conflicto, el resultado y la formalidad[61]. "[L]o fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente"[62].

## -D-

El mandato es "una orden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia"[63]. En este sentido, "es el medio oficial que posee un tribunal apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado"[64].

En *Colón y otros v. Frito Lay,* el Tribunal Supremo lo expresó en estos términos:

---

[58] *Íd.*

[59] *Íd.*, págs. 14-15.

[60] *Íd.*, pág. 15.

[61] Íd., pág. 16.

[62] *Íd.*, citando a *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007).

[63] *El Pueblo de Puerto Rico v. Serrano Chang,* 201 DPR 643, 650 (2018); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 300-301 (2012) citando a I. Rivera García, *Diccionario de Términos Jurídicos,* New Hampshire, Ed. Equity Publishing Corporation, 1976, pág. 158.

[64] *Íd.* pág. 301.

> [U]na vez se remite el mandato por el Secretario del Tribunal, el caso que estaba ante la consideración de dicho foro finaliza para todos los efectos. **Así pues, el tribunal inferior adquiere la facultad de continuar con los procedimientos, según lo que haya dictaminado el tribunal apelativo...** Una vez el mandato es remitido al tribunal inferior, este readquiere jurisdicción sobre el caso, a los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación, y el tribunal apelativo pierde la suya[65].

**-E-**

El principio de justiciabilidad requiere que los tribunales limiten su intervención para resolver controversias reales y definidas que afecten las relaciones jurídicas de partes antagónicas u opuestas[66]. Conforme a este principio, los tribunales sólo deben evaluar controversias que sean justiciables, es decir, no deben atender controversias hipotéticas, abstractas o ficticias[67].

A tenor con lo anterior la doctrina de academicidad es una de las manifestaciones del principio de justiciabilidad que enmarca los límites de la función judicial[68]. Un caso o controversia es académica cuando pierde su carácter adversativo, ya sea por cambios en los hechos que originaron la controversia o cambios legales ocurridos durante el trámite judicial. Para que el asunto sea académico, estos cambios deben crear una situación en la que la emisión de la sentencia resultaría en una opinión consultiva[69]. Es decir, el pleito es académico cuando la sentencia que sobre el mismo se dictare, por alguna razón, no podría tener efectos prácticos[70].

Para determinar si un caso es académico, se debe evaluar los eventos anteriores, próximos y futuros, a los fines de establecer si su condición de controversia viva y presente subsiste con el

---

[65] *Íd.* en las págs. 651-52; *Colón y otros v. Frito Lay,* 186 DPR 135, 153-154 (2012).
[66] *Pueblo v. Díaz Alicea,* 204 DPR 472, 481 (2020); *UPR v. Laborde Torres y otros I,* 180 DPR 253, 280 (2010).
[67] *Moreno v. Pres. UPR II,* 178 DPR 969, 973 (2010).
[68] *C.E.E. v. Depto. de Estado,* 134 DPR 927, 934 (1993).
[69] *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920 (2011); *Angueira v. J.L.B.P.,* 150 DPR 10, 19 (2000).
[70] *E.L.A. v. Aguayo,* 80 DPR 552 (1958); *Cruz v. Administración,* 164 DPR 341 (2005).

transcurso del tiempo[71]. Una vez se determina que un caso es académico los tribunales tienen el deber de abstenerse y no puede entrar a considerar sus méritos[72].

En *Asoc. Fotoperiodistas v. Rivera Schatz, supra,* nuestro Tribunal Supremo expuso los criterios que debemos evaluar para decidir si una controversia es justiciable o no. A saber:

> [S]i es (1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente, y finalmente (3) si la controversia es propia para una determinación judicial, ya que se distingue de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio[73]. Por lo tanto, no será justiciable aquella controversia en la que: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva, o (5) se promueve un pleito que no está madura[74].

Existen varias excepciones a la doctrina de academicidad, a saber: (1) casos en los que aun cuando la decisión del tribunal no afecta a las partes involucradas presentan una cuestión recurrente; (2) casos en donde la situación de hechos ha sido modificada voluntariamente por el demandado pero sin visos de permanencia; (3) pleitos de clase en los cuales la controversia se torna académica para un miembro de la clase más no para el representante de la misma; y (4) casos que aparentan ser académicos pero en realidad no lo son por sus consecuencias colaterales[75].

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, en sus incisos (B)(5) y (C) establece que este foro apelativo puede *motu proprio* desestimar un recurso de apelación si se ha convertido en académico[76].

---

[71] *San Antonio Maritime v. P.R. Cement Co.,* 153 DPR 374 (2001).
[72] *El Vocero v. Junta de Planificación,* 121 DPR 115, 124-125 (1988).
[73] Cita omitida.
[74] Cita omitida.
[75] *Asoc. de Periodistas v. González,* 127 DPR 704, 719-720 (1991); *RBR Const., S.E. v. A.C.,* 149 DPR 836 (1999).
[76] Regla 83 (B)(5)(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmda. Reglamento TA,* 2025 TSPR 141, págs. 116-117, 216 DPR ___.

Por otro lado, es norma reiterada que los tribunales tenemos la obligación de examinar nuestra jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no[77]. La falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela cuando no la tiene[78]. Una vez el tribunal determina que no tiene jurisdicción procede la inmediata desestimación del recurso[79].

### III.

Previo a atender la controversia ante nos, es importante mencionar que conforme a la Regla 52.1 de las de Procedimiento Civil, *supra*, este Tribunal tiene jurisdicción para atender el recurso TA2026CE00024, toda vez que esperar a la apelación constituiría un fracaso irremediable de la justicia. A su vez, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el auto.

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, y como cuestión de umbral, procedemos a atender conjuntamente los errores primero y quinto y, con ello, no será necesario discutir los restantes errores imputados al TPI en el recurso **TA2026CE00024.** Veamos.

Nos corresponde revisar si el TPI incidió al no conceder la sustitución de parte a base de la Regla 22.1 de las de Procedimiento Civil, *supra.*

En el caso de epígrafe, la peticionaria arguye que el TPI incidió, al no permitir la sustitución del fenecido señor Sumley con

---

[77] *Ponce Fed. Bank v. Chubb Life Ins. Co.,* 155 DPR 309 (2001); *Medio Mundo, Inc. v. Rivera,* 154 DPR 315 (2001); *Vázquez v. Administración de Reglamentos y Permisos,* 128 DPR 513, 537 (1991) y *Gobernador de P.R. v. Alcalde de Juncos,* 121 DPR 522 (1988).
[78] *Aponte v. Policía de P.R.,* 142 DPR 75, 84 (1996); *Vázquez v. Administración de Reglamentos y Permisos, supra; Gobernador de P.R. v. Alcalde de Juncos, supra.*
[79] *S.L.G. Szendrey Ramos v. F. Castillo,* 169 DPR 873 (2007).

los miembros de su sucesión como partes indispensables para salvaguardar la jurisdicción *in personam.* La señora Moreno expone que las coherederas, Iris Sumley y Amy Powers, tienen derecho a ser notificadas y oídas sobre el pleito pendiente contra el difunto señor Sumley. La peticionaria puntualizó que, con el fallecimiento del señor Sumley, las coherederas pasaron a ser cotitulares junto a ella de una cuota abstracta en la masa post ganancial poseída en común *proindiviso* entre los excónyuges. La señora Moreno enfatizó que cualquier sentencia obtenida en el caso de epígrafe sin la inclusión de las coherederas Iris Sumley y Amy Powers será nula.

Fíjese que la Regla 22.1 de las de Procedimiento Civil, *supra,* regula la forma de solicitar la sustitución de parte que fallece durante el pleito. La mencionada Regla dispone que cuando una parte en un pleito fallece **y la reclamación no se extingue** por ello, cualquiera de las partes del pleito o sus abogados deberán notificar el fallecimiento de esta al tribunal y a las otras partes dentro del término de treinta (30) días contados desde la fecha cuando se conozca tal hecho. Subsiguientemente, el tribunal, ordenará la sustitución de la parte fallecida por las partes apropiadas, cuando se haya presentado la solicitud de sustitución dentro de los noventa (90) días siguientes a la fecha de dicha notificación[80]. Asimismo, los términos antes reseñados pueden ser prorrogados por los tribunales en el ejercicio de su discreción, a tenor con lo dispuesto en la Regla 68.2 de las de Procedimiento Civil[81].

Conforme a la Regla 22.1 de las de Procedimiento Civil, *supra,* nos corresponde determinar si con la muerte del señor Sumley se extingue la reclamación. Tras revisar la *Sentencia Parcial*[82] del 28 de

---

[80] *Vilanova v Vilanova,* 184 DPR 824, 838 (2012), *Ruiz Mattei v Commercial Equipment Finance, Inc.* 214 DPR 407, 418, 419, (2024).
[81] *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 685 (1989). Regla 68.2. Prórroga o reducción de términos 32 LPRA Ap. V, R. 68.2.
[82] Apéndice del recurso, págs. 716-730.

octubre de 2019, la *Sentencia Parcial*[83] del 12 de abril 2021, emitidas por el TPI, así como la *Demanda*[84]y la *Demanda Enmendada*[85], colegimos que la causa civil pendiente es transmisible a las herederas del señor Sumley.

Ahora bien, nos atañe verificar si la peticionaria cumplió con los términos específicos que dicta la Regla 22.1 de las de Procedimiento Civil, *supra*. La cual establece que *"[e]l tribunal, a solicitud presentada **dentro de los noventa días siguientes a la fecha de dicha notificación,** ordenará la sustitución de la parte fallecida por las partes apropiadas"*. *Íd*.

Es un hecho cierto que **el 12 de octubre de 2022**, el representante legal del señor Sumley notificó sobre su deceso a través de la *Moción para Informar Fallecimiento de Parte,* además surge del Sistema Integrado de Apoyo a los Tribunales (SIAT) que un día después, entiéndase, el **13 de octubre de 2022**, la señora Moreno presentó documento intitulado *Réplica a Moción Informar Fallecimiento de Parte.* Así pues, conforme a lo anterior, los noventa (90) días dispuestos en la Regla 22.1 de las de Procedimiento Civil, *supra*, para presentar sustitución de parte, comenzaron a decursar el 12 de octubre de 2022. Por tanto, la peticionaria tenía hasta el **10 de enero de 2023** para solicitar sustitución. Tras examinar el legajo apelativo, surge que la señora Moreno presentó el 10 de enero de 2023 la *(I) Moción Solicitando la Sustitución del Fallecido co-demandado Alvin Sumley T/C Alvin Szumlinski, (II) Permitir la Enmienda de la Demanda Enmendada, y (III) Solicitud para que expida emplazamiento para Amy A. Powers, T/C Amy A. Sumley,, Amy A. Szumlinski, y Iris Alexandrino Szumlinski, T/C Iris Sumley,*

---

[83] Apéndice del recurso págs. 782-787.
[84] Apéndice del recurso, págs. 625-632 y anejos.
[85] Apéndice del recurso, págs. 653-688 y anejos.

*como partes en sustitución del difunto al amparo de las Reglas 4.1, 22.1 de las de Procedimiento Civil, 32 LPRA AP. V, 4.1, 22.1 (2009)*[86].

En definitiva, al examinar las incidencias procesales del caso, determinamos que la solicitud de sustitución de parte fue presentada dentro del término reglamentario de la Regla 22.1 de las de Procedimiento Civil, *supra.*

En virtud de lo anterior, concluimos que el TPI erró al declarar No Ha Lugar la *"Moción en Reconsideración de la Resolución fechada el 30 de octubre de 2025, Moción Informativa y de Reconsideración al Amparo de las Reglas10.2(2), 10.2(6), 10.6, 16.1 y 22.1 de PC. Informando la Falta de Jurisdicción Sobre Partes Indispensables, específicamente, los miembros de la Sucn. Del Difunto Codemandado Alvin Sumley Quien Era Codueño de la Finca 433951 Junto con la PDte".*

Ante este cuadro, debemos revocar la *Orden* emitida el 30 de octubre de 2025, al igual que la *Orden* emitida el 25 de noviembre de 2025. Disponemos que Iris Sumley y Amy Powers son partes indispensables en el pleito. Por lo cual, ordenamos al TPI que permita la sustitución de parte, que se enmiende la demanda a los fines de incluir como codemandadas a Iris Sumley y Amy Powers y se expidan los correspondientes emplazamientos. Además, en vista de lo anterior, se deja sin efecto la sanción pecuniaria impuesta el 3 de diciembre de 2025 y, en estos momentos, no procede ninguna determinación relacionada a valoración de daños ni a la presentación del Informe de Conferencia con Antelación a Juicio.

En el recurso de *certiorari* **TA2026CE00028**, la peticionaria razona que el TPI, al declarar **No Ha Lugar** la *Moción Informativa y Reconsideración al Amparo de las Reglas 10.2 (1), 10.6 de PC, 32 LPRA Ap. V, Rs 10.2(1), 10.6(2009) Informando posible impedimento*

---

[86] Apéndice del recurso, págs. 212-289 y anejos.

*de jurisdicción sobre la materia debido al cambio de ubicación municipal y número de la finca bajo litigio debido a la inesperada traslado de la misma por el registro de la propiedad" y Moción en reconsideración de la Resolución fechada el 30 de octubre de 2025*[87], erró al incumplir con su deber de declarar nula, ineficaz y contrario a derecho la supuestamente compraventa entre el finado señor Sumley, señor Morales y el señor Ortiz y, como corolario, el TPI ha fallado en obedecer con el mandato establecido por el Tribunal Supremo en el caso *Moreno v Morales, et. al, supra*.

Adelantamos que no le asiste la razón. Veamos.

Nuestra *Alta Curia* determinó en *Moreno v Morales, et. al., supra*, lo siguiente:

> En consecuencia, **resulta indispensable que el tribunal de instancia indague, primeramente, si se concretizó una compraventa válida de la participación del señor Sumley en la finca en cuestión antes de poder resolver si la acción de retracto** y la prestación de fianza estuvieron en tiempo. Es decir, si existe la correspondiente escritura pública.
> **De la parte recurrida no poder demostrar la existencia de una escritura pública mediante la cual se haya realizado la compraventa del interés del señor Sumley** en el inmueble objeto del caso de autos, **procederá entonces que se desestime la acción de retracto esgrimida por la señora Moreno en la Demanda de epígrafe.** Ello es así ya que, en estricto derecho, no habrá ocurrido una transferencia de dominio respecto al inmueble en cuestión, por lo cual la peticionaria continuará como propietaria en común proindiviso de dicho inmueble conjuntamente con su ex-esposo[88].

Surge del expediente que, el 22 de agosto de 2014, la peticionaria presentó *Moción Solicitando Sentencia Sumaria Parcial, y Segunda Solicitud de Consolidación, al Amparo de las Reglas 36.3 y 38.1(2009)*. Allí, alegó que no existe controversia sustancial de hechos con respecto a que la compraventa de la participación del señor Sumley en la finca en común *proindiviso* no se efectuó

---

[87] Apéndice del recurso, pág. 141.
[88] *Moreno v Morales et. al, supra*, págs. 442-443.

mediante escritura pública como requiere el Artículo 330-A del Código Civil, 31 LPRA sec. 1275a, por lo cual, procede que se dicte sentencia sumariamente y se desestime la acción de retracto[89].

En desacuerdo, el señor Morales presentó *Moción al Amparo de las Reglas 36.3 (b) de las Reglas de Procedimiento Civil*[90]. Adujo que la moción de sentencia sumaria presentada no cumplía con las Reglas Procesales, razonó que se debía desestimar la demanda por falta de jurisdicción sobre la persona, y por falta de parte indispensable, toda vez que los codemandados incluidos en la demanda fueron emplazados después de que el caso fue desestimado por el Tribunal de Apelaciones[91].

Luego de varios asuntos acontecidos, el 28 de octubre de 2019, el foro apelado notificó *Sentencia Parcial*[92]*,* en la cual realizó veintiún (21) determinaciones de hechos, en lo pertinente:

[…]

> 10. El 15 de abril de 2004, el Sr. Sumley le vendió su participación en la Finca Núm. 1895 al Sr. Morales Pereira, la Sra. Inés Leonor Escobar Maldonado, el Sr. Neftalí Ortiz Betancourt y la Sra. Nilda Ortiz Olivero.
>
> 11. La compraventa se hizo mediante un contrato privado autenticado mediante la Affidavit Núm. 23127 y autorizado por el notario público Antonio Ríos Acosta. […][93]

Referente al error alegado, el TPI determinó en la *Sentencia Parcial*:

[…]

> (3) Se declara **HA LUGAR** la moción de sentencia sumaria presentada por la parte demandante. En consecuencia, **se desestima la causa de acción de retracto legal** de comunero presentada por la parte demandante en la Demanda.
> (4) Se **declara nula la compraventa** de la porción del Sr. Sumley en la Finca 1895 efectuada el 15 de abril de 2004 mediante la Affidavit Núm. 231237. **En consecuencia, se declara, además**

---

[89] Apéndice del recurso, pág. 719.
[90] *Íd.*
[91] *Íd.*
[92] Apéndice del recurso, págs. 718-731.
[93] *Íd.*

**que la Sra. Moreno y el Sr. Sumley aún son dueños en común *proindiviso* de la Finca 1895**[94].[Énfasis nuestro].

Ante estos hechos, advertimos que el recurso **TA2026CE00028** se ha tornado académico, puesto que el reclamo de la peticionaria fue atendido, y resuelto por el TPI al dictar la *Sentencia Parcial* del 28 de octubre de 2019, entiéndase, se cumplió a cabalidad con el mandato de nuestro Tribunal Supremo en el caso *Moreno v Morales, et. al, supra*.

De conformidad con la Regla 83 (B)(5) y (C), *supra*, procede la desestimación del recurso ante nuestra consideración por academicidad[95].

**IV.**

Por los fundamentos antes expuestos, en el recurso de *certiorari* **TA2026CE00024**, *revocamos* la *Orden* impugnada relacionada a la sustitución de parte apelada y devolvemos el caso al foro primario para la continuación de los procedimientos, conforme lo aquí resuelto.

En cuanto al recurso de *certiorari* **TA2026CE00028**, *desestimamos* el mismo por académico.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[94] *Id.*
[95] Regla 83 (B)(5)(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmda. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR ____.